**Daniel ROBINSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18085.**

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1960.

Meinhard H. Myerson, Jacksonville, Fla., Wayne E. Ripley, Jacksonville, Fla., for appellant.

John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The United States indicted Daniel Robinson, the appellant, on two separate occasions for the illegal possession and concealment of 400 gallons of nontaxpaid whiskey. The two indictments are identical, except as to the numbers assigned the cases. The first indictment was a result of information reported to the United States Attorney's office in Jacksonville by a local police officer, Anderson. Anderson had seized the whiskey on a search warrant, arrested Robinson, and initiated criminal proceedings against Robinson in the Florida courts. The United States adopted the Florida case. The district court dismissed the first indictment on "grounds of public policy": the federal government acted too slowly in adopting the state case; it would be unseemly for both the state and federal governments to move forward at the same time against the same man for what amounted to the same crime.[1]

---

1. The order of dismissal states, in part: "In this case it appears that a State search warrant was filed on September 5, 1953, by a Police Officer of the City of Jacksonville; that the search warrant was executed on the same day and the

The United States did not appeal the order dismissing the first indictment. Some time later the United States Attorney learned that he and the court had been misinformed as to the facts on which the dismissal was based.[2] The true facts were called to the attention of the court. Robinson was re-indicted. The defendant moved to dismiss and, after trial and conviction, now contends that it was reversible error for the district court to deny the motion. The defendant argues that the United States had thirty days to appeal the dismissal of the first indictment (18 U.S.C.A. § 3731) and that the limitation to thirty days cannot be circumvented by bringing another indictment charging the same offense.

There is no merit to appellant's argument. It would have merit only if dismissing an indictment in one action would give rise to the defenses of double jeopardy or res judicata in another action involving the same offense. Dismissal does not have this effect. 18 U.S.C.A. § 3731; Nolan v. United States, 8 Cir., 1947, 163 F.2d 768, 770; United States v. Owen, D.C.N.D.Ill.1927, 21 F.2d 868.

We note that the motion to dismiss the first indictment did not attack the indictment with respect to its sufficiency or with respect to any point that might exculpate the defendant. The objection was based on principles of comity. The court's application of the principles was based on misinformation. See United States v. Janitz, 3 Cir., 1947, 161 F.2d 19 and United States v. Gaskin, 1944, 320 U.S. 527, 64 S.Ct. 318, 88 L.Ed. 287.

The avoidance of a miscarriage of justice cuts both ways. It would be a miscarriage of justice in this case to hold that the appellant may escape a second indictment when dismissal of the first indictment was based on a false state-

defendant Daniel Robinson arrested on the same day by the said officer, and State prosecution thereupon initiated; on or about December 30, 1953, the case was adopted by Federal Officers and the State proceedings were terminated by dismissal on January 15, 1954.

Under these circumstances it appears to me that the defendant's motion to dismiss, particularly upon Grounds 2, 3 and 4 thereof, should be granted on grounds of public policy. If Federal Officers desire to adopt a State case they should do so within a reasonable period, certainly within a few days, after the arrest, unless extraordinary circumstances are present. Otherwise, the enforcement by the two sovereigns of substantially similar laws concerning the same subject matter is open to charges of abuse and misuse. However unwarranted such charges may be in a particular case (and for aught that is made to appear in this case) the administration of criminal laws by either State or Federal Officers should not be left open to criticism. I do not consider that I need to be more specific."

2. These are the true facts. Several months before the first indictment, police officers in' Jacksonville, Florida, had seized the whiskey in question and had arrested Robinson. After waiting three months for a hearing to be held, the arresting officer, Anderson, reported the matter to the United States Attorney for the Southern District of Florida. The United States decided to adopt the case. Anderson reported to the Clerk of the Criminal Court of Record for Duval County that Robinson's offense was "a federal case" and requested that the action against Robinson be dismissed. The Florida action was dismissed but was reopened and a hearing held a month later. Anderson protested that the case against Robinson was a federal case. Notwithstanding, the court went ahead with the hearing. Following the hearing, the Florida court dismissed the case against Robinson. Several months later Anderson inquired of the United States Attorney as to the status of the federal action against Robinson. The United States Attorney informed him that the action was dismissed "on the grounds of public policy"—here the policy against two sovereigns proceeding simultaneously to try a man for what amounted to the same criminal offense. The United States Attorney said that Robinson's counsel had told him that an information had been filed in the state court and that the case was set for trial. Anderson denied this. At Anderson's request, the County Solicitor called the United States Attorney and informed him that the state case against Robinson had been dismissed. There was therefore no possibility of any unseemly conflict between the state and federal administration of justice.

ment of facts or a misunderstanding of the facts having to do not with the sufficiency of the indictment or the guilt or innocence of the accused but with the application of the principles of comity.

As to appellant's second argument, there was no motion to suppress and the record shows no evidence of any illegal seizure.

Judgment is affirmed.