(No. 39337M.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* FRANK PIATT, Appellee.

*Opinion filed May 23, 1966.—Rehearing denied September 21, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN P. O'ROURKE, State's Attorney, of Danville, (ALLEN L. DOUGHERTY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

We granted the State's petition for leave to appeal a Fourth District Appellate Court decision affirming dismissal of an information by the Vermilion County circuit court.

The factual situation is simple. On March 31, 1964, Frank Piatt was arraigned on an information charging "drag racing", pleaded not guilty and was released on bond. On the trial date, June 6, prior to examination of the jury, the State's Attorney sought leave to amend the information to charge reckless driving. Defendant's objections were sustained and the motion denied. The State thereupon moved to dismiss the information, the motion was allowed and the cause dismissed.

On June 10 a new information was filed charging defendant with reckless driving. It is undisputed that the conduct upon which this charge is based is the same as that upon which the original "drag racing" information was predicated. Defendant's subsequent motion to dismiss alleged the second information embraced the same acts as the first and was "subterfuge on the part of the plaintiff to circumvent the prior order of court". This motion was allowed, the cause dismissed and defendant discharged.

There is no need for extended discussion here for the result is controlled by *People* v. *Miller, ante,* p. 62, in which an opinion has been adopted this term holding subsequent

prosecution on different charges arising from the same conduct is barred under section 3—4(b)(1) of the Criminal Code of 1961 only if the former prosecution resulted in a conviction or acquittal. Since the former prosecution in the instant case was dismissed prior to preliminary examination of the jury, the subsequent action of the trial court in dismissing the new information filed on June 10 was clearly erroneous.

The judgment of the appellate court is reversed, and the cause is remanded to the trial court with directions to deny the motion to dismiss.

*Reversed and remanded with directions.*