**People of the State of Illinois, Appellant, v. Eugene Forest Miner, Appellee.**

**Gen. No. 66–81.**

Third District.

July 18, 1967.

STOUDER, P. J., dissenting.

George E. Sangmeister, State's Attorney, of Joliet, for appellant.

Harold Shabelman, of Joliet, for appellee.

ALLOY, J.

This cause originated as a result of the issuance of three traffic tickets citing Eugene Forest Miner for driving with a revoked driver's license, for disobeying a stop sign, and for operating a motor vehicle while under the influence of intoxicating beverages. Defendant moved for a preliminary hearing. The People filed a verified complaint but refused to participate in a preliminary hearing. The court then dismissed the complaint as a result of the refusal of the People to conduct a preliminary hearing. On appeal in this cause, the People contend that the statute does not provide for a preliminary hearing where the judge presiding over such preliminary hearing has jurisdiction to try the offense charged. It is contended that a preliminary hearing is authorized only in those misdemeanor cases where the judge presiding over the preliminary hearing does not have jurisdiction to try the offense.

The record discloses that the defendant, Eugene Forest Miner, was brought before a magistrate of the Twelfth Judicial District of Will County for arraignment. He thereafter asked for and was granted a continuance so that he could obtain counsel. A few weeks later defendant appeared with his counsel who moved that People file a verified complaint and for a preliminary hearing. The verified complaint was filed but People objected to a preliminary hearing in writing. Such objections were overruled and the People thereupon refused to participate in a preliminary hearing. On defendant's motion to dismiss, thereafter, for failure of the People to proceed with the preliminary hearing, the court dismissed the complaint. The People then perfected this appeal to test the court order so dismissing the complaint for failure to proceed with the preliminary hearing.

In Chapter 38, § 109–1 of 1965 Illinois Revised Statutes, it is provided as follows:

> "(a) A person arrested without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county, and a charge shall be filed. A person arrested on a warrant shall be taken without unnecessary delay before the judge who issued the warrant or if he is absent or unable to act before the nearest or most accessible judge in the same county.
>
> "(b) The judge shall:
>
> "(1) Inform the defendant of the charge against him and shall provide him with a copy of the charge.
>
> "(2) Advise the defendant of his right to counsel and if indigent shall appoint a public defender or licensed attorney at law of this State to represent him in accordance with the provisions of Section 113–3 of this Code.
>
> "(3) Hold a preliminary hearing in those cases where the judge is without jurisdiction to try the offense; and
>
> "(4) Admit the defendant to bail in accordance with the provisions of Article 110 of this Code."

In Chapter 38, § 102–17, 1965 Illinois Revised Statutes, it is provided:

> " 'Preliminary examination' means a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense."

The charges against the defendant in this cause were for violation of chapter 95½, §§ 6–303, 128, and 144, 1965

Illinois Revised Statutes. Under section 6–303, there is a penalty upon conviction of imprisonment of not less than seven days nor more than one year and a fine may be imposed in addition thereto of not more than $1,000. Section 128 provides for a penalty upon conviction of a fine of not less than $1 nor more than $100 for a first conviction; for a second conviction within one year thereafter such person could be punished by a fine of not less than $25 nor more than $200; and upon a third or subsequent conviction within one year after the first conviction, such person could be punished by a fine of not less than $100 nor more than $300 (section 234). Section 144, referred to, provides for a penalty upon conviction of imprisonment for not less than two days nor more than one year or by a fine of not less than $100 nor more than $1,000 or by both such fine and imprisonment. In a second or subsequent conviction, defendant could be punished by imprisonment for not less than 90 days nor more than one year and in the discretion of the court, be fined not more than $1,000.

It is noted that all of the charges against the defendant in this cause were for offenses classified as misdemeanors. The Magistrate Division of the Twelfth Judicial District, Will County, has jurisdiction to try the defendant on all of the cited charges (c 37, § 624, 1965 Ill Rev Stats). An administrative order adopted in such Circuit specifically vests the magistrate with such jurisdiction and authority. It is noted that subsection (b) of section 109–1, 1965 Illinois Revised Statutes, provides that the judge shall hold a preliminary hearing "in those cases where the judge is without jurisdiction to try the offense." Under the provisions of section 109–3 of said chapter 38, in the event following a preliminary hearing there is found to be probable cause to believe the offense has been committed, the defendant is held over to answer to the court having jurisdiction of the offense.

The State contends that it is pointless for the court to make a finding that there is probable cause and then holding defendant over to itself and points out that this is not the intent of the court or the statutes. It is also contended that the terminology of the statute is clear and unambiguous, and that the defendant, under the state of facts as exist in the present case where the judge before whom he is arraigned has jurisdiction to try the offense, is not entitled to a preliminary hearing.

In considering the entire act, as we must in discerning the objective of the legislature (People v. Gibbs, 413 Ill 154, 108 NE2d 446), it becomes apparent that it was not the intent of the legislature to provide for a preliminary hearing in all cases. Obviously, if a defendant is charged with a felony, the basic reason for having a preliminary hearing becomes apparent. An inquiry as to whether there is a probability of guilt in order that a party may be held in custody or required to give bail in cases not coming within the jurisdiction of the magistrate, is a sound procedure (People v. Morris, 30 Ill2d 406, 197 NE2d 433). In cases involving a felony, this is all a magistrate is normally empowered to do, although in some cases lawyer-magistrates are given broader powers. Where misdemeanors are involved, however, a magistrate has authority to try and also dispose of the case in most instances.

Since a preliminary hearing is not one where the rights of defendant must be determined conclusively, and since defendant is not required to even enter a plea at such time (People v. Morris, supra), granting defendant a preliminary hearing to determine if he shall be held in custody or admitted to bail to await a future court appearance which may be considerably delayed, is obviously an appropriate procedure.

It should be observed that in many counties where lawyers may not be available to sit as magistrates, the

powers of some magistrates in certain cases have been limited by statute or rule (1965 Ill Rev Stats, c 37, § 626). In such case, a preliminary hearing may be had because the matter is assignable to a magistrate who does not have power to hear and dispose of the case because he is a nonlawyer (see committee comments to §§ 109-1 and 109-3 by Professor Charles H. Bowman, Smith-Hurd Ill Rev Stats Annotated of chapter 38).

Apparently this is a case of first impression. The language of the act (chapter 38, § 109-1(3)) specifically provides that the judge "shall hold a preliminary hearing in those cases where the judge is without jurisdiction to try the offense." The subsection is apparently an attempt to cover the wide variations as to power of some magistrates in regard to specific offenses. Some magistrates before whom a majority of the violaters are brought by the police in the first instance have limited jurisdiction in criminal cases in the sense of authority to hear and determine the cases. It is also pointed out that by local rules, some individual magistrates are assigned more restricted hearing and trial duties than others, especially with regard to night or day duties when a member of the State's Attorney's office may or may not be available.

The provision for preliminary hearing is one which emanates from the legislature and the intention of the legislature in this respect will control. The language is clear and unambiguous in that it provides that the preliminary hearing is required to be conducted only if the judge does not have "jurisdiction" to dispose of the case. Since the magistrate in the cause before us had jurisdiction to dispose of the case, it was not requisite that he conduct a preliminary hearing, and the action of the trial court in dismissing the complaint following the refusal of the State's Attorney to participate in such

preliminary hearing was erroneous and should be reversed.

We can see no basis for nullification of the legislative provision (1965 Ill Rev Stats, c 38, § 109.1) on the theoretical ground that the Circuit Court, as a result of the unified court system, now has jurisdiction which is broad enough to dispose of all cases. The legislative provision obviously refers only to the individual judge who is presiding and provides for a preliminary hearing only if he is without jurisdiction to try the offense. This is an obvious attempt to describe the power and capability of the individual judge with respect to the case under consideration and clearly indicates that if the particular judge has limited authority by assignment or rule, a preliminary hearing is required. Obviously if no objection is raised to the authority of the particular judge this right could be waived by a defendant. If the legislature had intended to require preliminary hearings in all cases it would have been very simple and easy for the legislature to specify that preliminary hearings would be had in all cases where defendant requests such hearings. The provision, however, is limited to those cases where the judge does not have authority to try the offense. To conclude, in view of such specification, that the language of this provision could be ignored, would be inconsistent with the Act and the normal standards of statutory construction. Nor do we believe that this section should be nullified because other statutory provisions dealing with court organization (1965 Ill Rev Stats, c 37, §§ 624, 626, 628) may not have contained consistent explanatory language.

The order of the Circuit Court of Will County will, therefore, be reversed with directions to such court to vacate the order of dismissal of the complaint and to

reinstate such complaint and to proceed in this cause in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

CORYN, J., concurs.

DISSENTING OPINION

STOUDER, P. J.

I must respectfully disagree with the opinion of the majority of the court since I believe that the judgment of the trial court should be affirmed. At the outset it should be noted that this appeal was initiated by the People and only the People filed briefs and arguments and orally argued the appeal. In part the failure of the Defendant to respond on appeal may be due to the nature of the procedure involved, since regardless of the decision on appeal the Defendant may be required to defend against the offenses charged.

To reach the conclusion that no preliminary hearing is required in some cases, both the People and the majority opinion rely basically on section 109–3(a) and section 109–1(b)(3), the latter section providing that preliminary hearings shall be held ". . . unless the judge shall have jurisdiction to hear the offense." To the extent that these sections provide or assume that there are or may be judges or courts with differing "jurisdictions" to hear offenses I believe that such sections are violative of the constitutional amendment, commonly referred to as the judicial amendment, being Article 6, adopted November 6, 1962, effective January 1, 1964. Section 9 of said article provides that "The Circuit Court shall have unlimited original jurisdiction of all justiciable matters. . . ." In providing for a single integrated trial court it was the intent of this amendment

to abolish the distinctions theretofore existing in the jurisdictions of the several trial courts. That the single trial court might more effectively discharge its duties by establishing departments or branches does not mean that the jurisdiction of the circuit court may be divided, segmented or fragmented. The theory of a unified trial court is that each judge thereof shall have the same jurisdiction and that the assignability of matters or the departmentalizing of the affairs of the court relate to the effective administration of justice and not to jurisdiction. Section 628, chapter 37, Ill Rev Stats 1965, recognized this intent of the judicial amendment by providing, in dealing with matters assignable to magistrates, that improper assignment must be asserted by motion and if not so asserted it is deemed waived. Further such section provides that the judgment of the magistrate is not void or subject to collateral attack if the matter were improperly assigned. Clearly assignment or the assignability of matters is not a matter of "jurisdiction." Other sections, relating to matters which may be heard by magistrates, are consistent with this proposition since they refer only to assignment to magistrates and do not refer to the "jurisdiction" of magistrates. A statute which provides or assumes that there are, may, or can be differing "jurisdictions" of judges of the circuit court, violates both the letter and spirit of the judicial amendment. In my opinion that part of the statute, which is the basis of the opinion of the majority, violates this principle and is unconstitutional. The sections under consideration are included in the Criminal Code of 1963, which revised and codified criminal law procedures. It had been under consideration by groups within and without the legislature for months or years and the consideration of these groups of the problems involved was not specifically directed toward the judicial amendment. Much attention was devoted to the codification and revi-

sion of the code before it could have been known whether the judicial amendment would be adopted. No doubt the language of this section could have resulted from an oversight or failure to consider it in relation to the judicial amendment.

Even if sections 109-1(b)(3) and 109-3(a), chapter 38, Ill Rev Stats 1965, be deemed free of the constitutional infirmities discussed above, I do not agree with the conclusions of my colleagues particularly in view of the consequences logically resulting therefrom. How can it be said that the right of an alleged offender to a preliminary hearing should depend on whether he appears before one judge or another? Why should persons charged with the same offense in one event be entitled to a preliminary hearing and in another event not? My colleagues indicate the meaning of the sections is clear and unambiguous. Nevertheless "jurisdiction" is interpreted to mean the power or authority of the judge or court derived from assignment or assignability of matters which may be heard by the judge or court. Further my colleagues suggest that the meaning to be given the sections is both explained and supported by the flexibility of assignment of matters to magistrates. Indeed sections 624, 625, 626, chapter 37, Ill Rev Stats 1965, do permit wide flexibility in the assignment of matters to magistrates. No uniformity of assignment is required. Matters assignable to magistrates may differ from circuit to circuit, county to county or as between magistrates of the same county. Such flexibility of assignment in my opinion furnishes no adequate basis upon which the right to a preliminary hearing should depend but rather suggests the contrary. Suppose, for example, a magistrate is assigned preliminary hearings and nonjury matters but is not assigned hearings where a jury is required. Since it cannot be known whether a jury will be required at the time an alleged offender is en-

titled to a preliminary hearing whether the ultimate disposition is within the class of matters assigned to the magistrate is in fact unknown.

The majority opinion also indicates that the consequences of less serious offenses as contrasted with more serious offenses are such that a distinction based thereon, relative to a right of a preliminary hearing, is appropriate. In the first place the distinction created is not based on the seriousness of the offense charged and in the second place where the penalty may be incarceration the duration or place of confinement would appear to have little relationship to the principle that a person should not be required to answer or defend himself against baseless or unsubstantiated criminal charges. The havoc that may result to personal family or financial affairs when a person is required to answer criminal charges with the possible consequence of imprisonment is such that a person should not be required to do so in the absence of sufficient reason or probable cause. That the presentation of evidence of probable cause may be burdensome to the prosecution does not in and of itself warrant the conclusion that the ends of justice are served by a denial of a right thereto.

Nor can it be said that it is pointless to present evidence at a preliminary hearing to a judge who may later consider the same evidence, at least in part, upon the ultimate disposition of the case. Initially it should be noted that the rule would apply where the judge might be able to hear and determine the case on its merits. There is no requirement that he will do so or that he must do so. Furthermore the same reasoning would be equally applicable where a felony is charged and an indictment is required or where a warrant of arrest is sought. The same judge who conducted the preliminary proceedings might very well preside at the ultimate disposition of the case.

In summary I do not believe that so significant a right as that to a preliminary hearing could or should depend merely upon the authority derived from assignment of the judge to whom the matter is originally presented. The interpretations of the sections of the majority of the court would in fact preserve distinctions which the judicial amendment was designed to avoid.