**The People of the State of Illinois, Plaintiff-Appellant, v. Harrison Neal, Defendant-Appellee.**

Gen. No. 10,880.

Fourth District.
December 6, 1967.

Hugh A. Henry, Jr., State's Attorney of McLean County, of Bloomington, for appellant.

Donald B. Mackay, Public Defender, of Bloomington, for appellee.

SMITH, J.

The State appealed from an order of a magistrate dismissing a complaint charging the defendant with the unlawful use of weapons. The order of dismissal and discharge of the defendant was based on the proposition that

the prosecution is barred under the provisions of § 3–3 of our Criminal Code. Ill Rev Stats 1965, c 38, § 3–3.

■ The facts are not in dispute. The defendant was first charged with an aggravated battery. Such charge, as well as the one here appealed, arise out of identical facts occurring at the same time, at the same place and with the same people. A preliminary hearing was conducted on the charge of aggravated battery and resulted in a finding "that there is no probable cause to hold the defendant to answer the charge of aggravated battery." The defendant was ordered released and his bond discharged. The defendant was then charged with unlawful use of weapons which the magistrate dismissed on motion of the defendant on the grounds that § 3–3 was a bar. The narrow issue thus presented on this record is whether or not a preliminary hearing is the commencement of a prosecution within the meaning of § 3–3(b) of the Criminal Code. We think not.

Section 3–3(b) of the Code so far as here applicable reads as follows:

> "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of the single court, they must be prosecuted in a single prosecution . . . if they are based on the same act."

The record establishes that the two offenses were known to the proper prosecuting officer at the time of the preliminary hearing, were within the jurisdiction of a single court, and arose out of the same act of the defendant. When, then, is a prosecution commenced? Turning to our Code of Criminal Procedure, Ill Rev Stats 1965, c 38, § 100–1, et seq., we find § 111–1 stating, "When authorized by law a prosecution may be commenced by: (a) A complaint; (b) An information; (c) An indictment." At first blush, it thus appears that our question is

answered. A prosecution was commenced with the filing of the aggravated battery charge and it seems the unlawful use of weapons charge should have been prosecuted in a single prosecution and is thus now barred under the express provisions of § 3–4(b) of the Criminal Code. This conclusion, however, never quite makes it to home plate because of other provisions of the Criminal Code.

The scope of the Code of Criminal Procedure is in § 100–2 made applicable to the procedure in all criminal proceedings "except where provision for a different procedure is specifically provided by law." It does not define the term "prosecution." Prosecution is defined in the Criminal Code as "all legal proceedings by which a person's liability for an offense is determined, commencing with the return of the indictment or the issuance of the information, and including the final disposition of the case upon appeal." Ill Rev Stats 1965, c 38, § 2–16. We particularly note that this definition does not include a "complaint." By its express terms, a prosecution is only commenced "with the return of the indictment or the issuance of the information." It is further restrictive in that a prosecution is specifically defined as a proceedings by which a person's liability for an offense is determined. A preliminary hearing, therefore, based upon a "complaint" meets neither requirement.

 The Code of Criminal Procedure, § 102–17, states that a " 'Preliminary examination' means a hearing before a judge to determine if there is probable cause to believe that the person accused has committed an offense." "The purpose and scope of preliminary proceedings are in general to ascertain whether a crime charged has been committed and, if so, whether there is probable cause to believe that it was committed by the accused." ILP, Criminal Law, § 171. People v. Morris, 30 Ill2d 406, 197 NE2d 433. A discharge at a preliminary hearing has no effect upon and does not bar a subsequent indictment

nor does it bind the Grand Jury. People v. Watson, 394 Ill 177, 68 NE2d 265. There is, thus, no hiatus between the Code of Criminal Procedure and the law as it existed prior to its adoption on the nature of a preliminary hearing. Rather than being the commencement of a prosecution, a preliminary hearing is more appropriately an inquiry as to whether or not a prosecution on a specific charge should be commenced. Thus, the innocence or guilt of a defendant is not determined in a preliminary hearing. The hearing is not a trial on the merits. The liability of the defendant for an offense is not determined on the merits. It is not a prosecution within the meaning of the Criminal Code.

█ Under the Criminal Code, a subsequent prosecution for an offense arising out of a same act is not barred unless the former prosecution of the first offense resulted in a conviction or acquittal, People v. Miller, 35 Ill2d 62, 219 NE2d 475; People v. Piatt, 35 Ill2d 72, 219 NE2d 481, or is otherwise barred under the provisions of § 3–4 of that Code. The preliminary hearing here resulted in neither a conviction nor an acquittal nor is it otherwise within the terms of § 3–4.

The defendant also urges that since the penalty for aggravated battery under our Code is sentence to the penitentiary from 1 to 10 years or in the alternative "in a penal institution other than the penitentiary not to exceed one year," Ill Rev Stats 1965, c 38, § 12–4, the alternative punishment provided makes the crime a misdemeanor. People v. Bain, 359 Ill 455 at 470, 195 NE 42. He then argues that since the magistrate had jurisdiction of misdemeanors and this was a misdemeanor, the magistrate could have tried this case on the merits. The difficulty with this position is that the record shows that the defendant himself requested a preliminary hearing, that one was actually conducted and the case was not tried on the merits. Thus what might have been simply isn't and there is no bar.

Section 109–1 of the Code of Criminal Procedure provides that a person arrested with or without a warrant should be taken without unnecessary delay before the nearest and most accessible judge and prescribes the course of conduct for that judge. Under section 109–1 (b) (3), the judge is required to hold a preliminary hearing only in those cases where that judge is without jurisdiction to try the offense, and it would therefore seem to follow that a preliminary hearing in all other types of offenses which he has jurisdiction to hear is permissive rather than mandatory. In People v. Miner, 85 Ill App2d 360, 229 NE2d 4, the case involved misdemeanors which the particular magistrate was authorized to hear. A preliminary hearing was requested by the defendant. The People filed written objections to a preliminary hearing and they were overruled. The People then refused to participate in the hearing. On the defendant's motion, the court dismissed the complaint for the failure of the People to proceed with the preliminary hearing. The People appealed. The order of dismissal was reversed and the cause remanded to the trial court with directions to dispose of the case on the merits. Thus, where the magistrate has the jurisdiction to hear the case, a preliminary hearing is not required and the magistrate should proceed to hear the case with dispatch and dispose of it on the merits. The preliminary hearing in the case at bar was an act of grace on the part of the magistrate and the State's Attorney. Being an act of grace and for the reasons herein stated, it cannot be enlarged into a judicial ablution of the defendant's sins.

Accordingly, the judgment of the trial court in dismissing this prosecution is in error, and the cause must be and it is hereby remanded to the trial court for further proceedings consistent with the views herein expressed.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.