**D. H. LITTON, Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.**

**No. 24896.**

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1967.

D. H. Litton, pro se.

Robert E. Owen, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen. of Texas, George M. Cowden, First Asst. Atty. Gen., A. J. Carubbi, Jr., Staff Legal Asst. Atty. Gen., R. L. Lattimore, Howard M. Fender, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM:

This is an appeal from denial by the district court of a writ of habeas corpus to a Texas state convict without a hearing, and without findings of fact. We reverse and remand for an evidentiary hearing, following which the district court should make findings of fact and conclusions of law as provided by Rule 52(a), F.R.Civ.P.

The appellant, represented by counsel retained for him by his mother, was convicted by the Texas trial court upon a plea of guilty of assault with intent to rape, for which he received a twenty-year sentence on July 25, 1963. He has exhausted his state post-conviction remedies

in compliance with the provisions of 28 U.S.C. § 2254.

The appellant alleged in his Federal habeas petition that his plea of guilty was the result of "indirect intimidation" —the threat of a life sentence as a third felonious offender based on an indictment in which one of the prior convictions allegedly was for a misdemeanor, issuing a check without sufficient funds. Vernon's Ann. Texas Penal Code, Article 567b, Section 4, provides that the offense is a misdemeanor if the check is for less than $50.00, and a felony if the check is for $50.00 or more.

Unless the other prior felony alleged was for an offense of the same nature as the offense charged—which was not the case here—the appellant could not have been indicted or punished under any Texas recidivist statute unless he had two prior felony convictions. See Articles 62, 63, 64, Texas Penal Code. Under Texas law then in effect, the entire indictment including any prior convictions alleged for enhancement of punishment, was read to the jury as soon as it was impaneled. See Spencer v. State of Texas, 385 U.S. 554, 556, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Applicant's allegation relative to the prior conviction is not denied by the respondent, who argues that this is immaterial, since "If Appellant's allegations [are correct,] that his indictment alleged former convictions which were false or improper, then it would have been impossible for the State to prove the former convictions and Appellant had no need for fear of conviction as an habitual. At any rate, the habitual count of the indictment was waived by the State and Appellant is not serving time for his conviction as an habitual but only for his conviction under the primary charge of assault with intent to rape."

The appellee's argument overlooks appellant's contention that the menace of trial and sentence of life imprisonment as an habitual criminal was what induced him to plead guilty.

Appellant also alleged in his Federal habeas petition that he did not have effective assistance of counsel, and that his confession was coerced by police threats on his life. The petition does not specifically allege that his guilty plea was impelled by these circumstances. However, in his *pro se* briefs to this Court, the appellant contends that his counsel did not consult with him until the day of trial, with the result that appellant was defenseless; and that he pleaded guilty because he realized that if he did not do so, "a quick trial would have taken place and as a result he would have received a mandatory life sentence."

■■ A plea of guilty, "if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him." Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, 77. Plea bargaining in and of itself does not render a plea of guilty involuntary. Brown v. Beto, 5 Cir. 1967, 377 F.2d 950. In *Brown* this Court held that a plea of guilty is not conclusive and may be successfully attacked if it resulted from misrepresentation or lack of awareness of the consequences of "any commitments made to [the defendant] by the court, prosecutor, or his own counsel."

■ We believe the appellant should be accorded an evidentiary hearing at which he and his witnesses may be present, to allow him an opportunity to prove that his plea of guilty was not freely, voluntarily and understandingly entered by him. The district court is directed to make findings of fact as provided by Rule 52(a), F.R.Civ.P. 28 U.S.C. § 2253; see Martin v. United States, 5 Cir. 1950, 256 F.2d 345, cert. denied, 358 U.S. 921, 79 S.Ct. 294, 3 L.Ed.2d 240 (1958); Brown v. Beto, supra.

Reversed and remanded.