(Nos. 41110, 41111 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
THEOPLIS A. CROCKETT *et al.,* Appellants.

*Opinion filed November 22, 1968.*

LEO E. HOLT, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOHN M. GOLDBERG, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This case involves two appeals from disorderly conduct convictions in the circuit court of Cook County arising out of certain demonstrations in the County Building. Since the legal questions in both appeals are identical we have consolidated them for review.

The defendants in Docket No. 41111, Theoplis Crockett, Jowel F. Hysmith, Augustine C. Narcisse, Frances E. Hanger, Bertha M. Cyrus, Ethel L. Pitts, Elaine B. Strong, Joan Rae Phillips, Joan A. Smith, and Ruth A. Hansen were arrested on May 18, 1967, and charged with a violation of article 26 of Criminal Code of 1961 (Ill. Rev. Stat. 1967, chap. 38, par. 26—1(a),) in that they "knowingly did an act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; to wit, Loitering in the Fifth Floor Hallway [of the County Building], Sitting on the floor."

The defendants in No. 41110, JoAnne Orlof, Ronald F. Gee, and Jerrold P. Holzman, were arrested on June 1, 1967 and charged with the same offense, in that they "knowingly did an act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace, to wit: By remaining seated in the private office of Cook County Commissioner George Dunne and refusing to leave when ordered to do so."

Motions to strike the complaints and for discharge were presented on behalf of all defendants, and were denied.

Thereafter defendants waived jury trial, pleaded not guilty and were tried on stipulation of facts, on September 13, 1967.

Neither the State nor the defendants presented any evidence but the cases were submitted on the following stipulations:

In No. 41111:

"MR. KARTON: [Assistant State's Attorney] If it please the court, at this time I believe there will be a stipulation by and between the defendants in their own proper persons and by Mr. Holt, their attorney, and by the people of the State of Illinois represented by John Stamos, State's Attorney of Cook County, that the testimony would show and will show that the facts set forth in the complaint are true and that the said facts set forth in the complaint are sufficient to sustain a finding of guilty as charged in the complaint and that the venue is Chicago, Cook County, Illinois.

MR. HOLT: [defendants' attorney] On behalf of each of the defendants we would so stipulate."

In No. 41110:

"MR. KARTON: There is a stipulation between each of the defendants in his own proper person as represented by counsel, Mr. Holt, and the people of the State of Illinois, represented by John Stamos, State's Attorney of Cook County, that were Officer Bernard to testify, that his testimony would be the same as the facts set forth in the complaint. It is further stipulated that the matter took place in Chicago, Cook County, Illinois, and that the ages of the three defendants, Ronald Gee, Jerrold Holtzman and JoAnne Orlof are over 21.

MR. HOLT: So stipulated."

Upon the stipulations all defendants were found guilty

and fined $100. The defendants appeal directly to this court alleging a violation of their constitutional rights.

Defendants first contend that the disorderly conduct provision of the Criminal Code under which they were convicted is unconstitutional on its face in that it is "vague and over broad." Defendants' argument adds nothing to that advanced in *People* v. *Raby,* 40 Ill.2d 392. We carefully considered these arguments in that case, and here hold the statute constitutional on its face and as applied to these defendants for the reasons set forth in that opinion. See also *United States* v. *Woodard* (7th cir.), 376 F.2d 136, 141-142.

Defendants next contend that the complaints did not charge the offense with the specificity required by the constitution. We feel that the defendants were adequately informed of the charges and the particular conduct which gave rise to the arrest and complaint. At no time did defendants request a more detailed statement of the offense, and under such circumstances defendants may not maintain that the complaint lacks specificity upon review. *City of Chicago* v. *Joyce,* 38 Ill.2d 368.

Defendants last contend that the evidence does not establish their guilt beyond a reasonable doubt. We cannot agree. As we read the stipulations, they establish *prima facie* that the defendants were guilty of the offenses charged. In the absence of any evidence to the contrary, the trial court was justified in finding defendants guilty as charged.

The judgments of the circuit court of Cook County are accordingly affirmed.

*Judgments affirmed.*