**People of the State of Illinois, Plaintiff-Appellee, v. Joseph G. Neidhart, Defendant-Appellant.**

**Gen. No. 69–221.**

Second District.

October 2, 1970.

William G. Rosing, of Waukegan, for appellant.

Jack Hoogasian, State's Attorney of Lake County, of Waukegan, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant was charged by complaint with the offense of driving while under the influence of intoxicating liquor, signed a jury waiver, was tried by the court, found guilty, fined $250, and was placed on probation for one year. He was not represented by counsel at the trial.

The issue presented here is whether the defendant, charged with a misdemeanor, and tried by the court without counsel, was deprived of his constitutional right to counsel and to trial by jury.

The defendant filed a post-trial motion wherein he asserted that he had the right to counsel during the trial; that the court did not interrogate him as to his ability to obtain counsel; and that he did not knowingly waive his right to a jury trial. This motion was denied and the defendant appealed.

On the issue of counsel, the Supreme Court in The People v. Dupree, 42 Ill2d 249, 246 NE2d 281 (1969) at pages 256 and 257 stated:

"We require that the record show express waiver of counsel in cases involving offenses punishable by penitentiary sentence (Rule 401(b)), and we impose a duty on the court to appoint counsel at defendant's request, except in cases punishable by fines. (Ill Rev Stats 1967, c 38, par 113–3(a), (b).) Such an approach is consistent with the terms and spirit of Gideon v. Wainwright and with the realities of litigation and the capacity of our judicial system. To construe, as defendant contends, a constitutional mandate that defendant have counsel in all cases, irrespective of the seriousness of the offense, the punishment involved or defendant's request for counsel, unless the record shows his express waiver, would impose burdens upon the bar and bench in no way required nor contemplated by the landmark cases protecting constitutional rights in criminal proceedings.

"It is our judgment, therefore, that since defendant Dupree was charged with the misdemeanor of battery, which could not be punishable by a penitentiary sentence, and made no request for counsel, there was no violation of his statutory or constitutional rights by failure of the record to recite that he was apprised of and expressly waived his right to counsel."

■ ■ We regard this decision as dispositive of the defendant's contention that he had a constitutional right to counsel in the case at bar, wherein the statutory penalty was imprisonment for not less than two days nor more than one year, or by fine of not less than $100 nor more than $1,000, or by both fine and imprisonment. Ill Rev Stats 1969, c 95½, par 144(i). The statutory alternative punishment of imprisonment or fine renders the offense of driving while under the influence of intoxicating liquor a misdemeanor. The People v. Bain, 359 Ill 455, 470, 195 NE 42 (1935) ; People v. Neal, 89 Ill App2d 318, 322, 231 NE2d 610 (1967). Also see: Ill Rev Stats 1969, c 38, pars 2–7 and 2–11.

■ Neither do we believe that the defendant did not knowingly and understandingly waive his right to a jury trial. He signed a jury waiver, and the report of proceedings filed herein, pursuant to Supreme Court Rule 323(c), indicates that the magistrate told the defendant of his right to a trial by jury; and that the defendant, on cross-examination, stated that he had previously been in court with counsel on the same charge, and that on that occasion he waived jury trial and entered a plea of guilty. The circumstances of this case cause us to believe and hold that the defendant knowingly and understandingly waived his right to a jury trial.

Accordingly, the judgment is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.