THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EDWIN STEVE JACKSON, Defendant-Appellee.

(No. 11252;

Fourth District—April 16, 1971.

*Rehearing denied July 21, 1971.*

CRAVEN, J., dissenting.

Lawrence E. Johnson, State's Atorney, of Urbana, (Kenneth E. Baughman, Assistant State's Attorney, of counsel,) for the People.

Prentice H. Marshall, of Urbana, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The State appeals from a magistrate's order which dismissed an information and discharged the defendant.

The information at issue alleges criminal trespass to land in that the defendant did remain upon the property of the Champaign police station after being given repeated notice to leave in violation of ch. 38, par. 21—3; that defendant obstructed the performance of official duties of known police officers in violation of ch. 38, par. 31—1; and disorderly conduct in that he did stand and block areas of the police station making loud noises after being asked three times to leave in violation of ch. 38, par. 26—1(a).

On May 27, 1969, defendant was arrested in the City jail in Champaign without a warrant. A complaint was thereafter filed charging criminal trespass to land, ch. 38, par. 21-3, Ill. Rev. Stat. 1967. This complaint was docketed as cause "892". The facts concerning such arrest appear in the record only as allegations filed by defendant and designated "Plea in Abatement". From said allegations it appears that on that date there was some civil disturbance in the City and a number of persons were arrested. It is alleged that defendant appeared at the police station with others to inquire who had been arrested, the reasons for the arrests and the amount of bail for those arrested. It is alleged that defendant was arrested when he persisted in making the inquiry. The complaint alleges that the defendant remained upon the property after having been given repeated notice to leave.

The defendant was taken before a magistrate and arraigned, at which time he pleaded not guilty. The cause was set for trial on July 7, 1969, and defendant was released on bond. Despite the fact that defendant was present at the time of such setting, he did not appear on the trial date and his bond was declared forfeited and attachment issued. On September 12th, defendant filed a motion to vacate the bond forfeiture and quash

the body attachment. Upon the showing made, such action was ordered on September 16, 1969, and the cause was set for trial on October 20th.

On October 9, 1969, in cause "892", the State's Attorney filed an "Amended Information" containing the same three charges of statutory violation hereinabove recited. The record shows the mailing of a copy of such "Amended Information" to defendant's counsel on October 9th. Thereafter, on October 27th, the information at issue was filed and docketed as cause "1915". This information pleaded the same conduct and charges as the "Amended Information" docketed "892". Summons issued and was served.

On November 6th, in cause "892", defendant filed "Objections to Amended Information and Plea in Abatement" alleging certain matters of record, including the filing of the information designated "1915", and the following matters which are argued here: that the "Amended Information" designed "892" was filed without leave of court and without notice to defendant. As noted, the record shows affidavit of mailing of copy to counsel. It is further alleged that prior to the filing of the "Amended Information" in "892", an Assistant State's Attorney talked with defendant's counsel on the telephone concerning a plea of guilty and a recommendation of a fine only to the count for trespass. It is alleged that the Assistant State's Attorney stated that the police insisted on prosecution, and that if defendant did not plead guilty he would be "charged with every possible offense". It is alleged that defendant's counsel told the Assistant State's Attorney that in his opinion defendant was not guilty of trespass. The "Plea of Abatement" then charges that the prosecution was motivated by the insistence of the police, that defendant was denied liberty without due process and equal protection of the law under the Fourteenth Amendment; that defendant was being prosecuted for the exercise of the rights provided under the First, Fifth and Sixth Amendments to the United States Constitution. There is no specification of which of the several rights in the latter respective amendments are concerned in this proceeding. The "Plea in Abatement" then asks that the proceedings in each of the docketed causes be abated and dismissed and asks for an evidentiary hearing upon the issues.

On November 12th, a written order designated "Final Judgment" was entered in cause "892", finding that there was an oral motion to file the "Amended Information" and that defendant objected. The order sustained the objections and denied leave to file Counts II and III of such information, but leave was granted to file Count I, *i.e.*, criminal trespass to land. Upon the motion of the State's Attorney, Count I was dismissed and the defendant discharged. This order is not appealed.

On November 12th, defendant filed, in cause "1915", a "Plea in Abate-

ment" which is apparently identical in form and substance to that filed in "892". The State's Attorney filed an answer in which it was denied that during the telephone conversation he said that he would file "every possible charge", but did not say that the prosecution intended to file charges of disorderly conduct and of obstructing justice because there might be some difficulty in proving trespass to land.

A written order designated "Final Judgment" was filed on November 14th, sustaining the objections and "Plea in Abatement". Finding that the State's Attorney elected to stand upon the information, the defendant was discharged. The State appeals from this order.

Respective counsel have diverging views of the state of the record and of the issues passed upon by the magistrate. The defendant states that one or more evidentiary hearings were heard upon the allegations of the "Plea in Abatement", while the State's Attorney asserts that there were not. There is no report of proceedings, and no record of such happenings certified by the magistrate. We have searched the respective final orders and find no reference to evidentiary hearings, albeit there is reference to statements and arguments of counsel.

■■ The State's Attorney contends that the sole issue concerns the authority of the prosecution to dismiss an information prior to the time jeopardy attaches and to file a new information. He urges that after the original complaint designated "892" was filed by an individual police officer, the filing of the "Amended Information" was necessary in order to comply with the provisions of ch. 38, par. 3—3, Ill. Rev. Stat. 1967, *i.e.*, that where several offenses within a single jurisdiction are known to the prosecuting officer, at the time of commencing prosecution, there must be a single prosecution. For puposes of this section the State's Attorney is the "responsible prosecuting officer". *People v. Pohl*, 47 Ill.App.2d 232; 197 N.E.2d 759; *People v. Bressette*, 124 Ill.App.2d 469, 259 N.E.2d 592.

It appears that within the statutory provision of ch. 38, par. 3—3, the document entitled, "Amended Information" was, in fact, the original information and was not, in fact, an amended information. To this extent the document is mis-identified.

Defendant urges that the judgment in cause "892", which denied leave to file the "Amended Information" is *res judicata* as to cause "1915"; that the attempted prosecution under the added Counts II and III demonstrated a pattern of harassment and oppression by the police against defendant, and that the magistrate may dismiss such charges upon the ground that the prosecution is in violation of rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments by reason of such pattern. Defendant further urges that the motion to amend the original

complaint by filing the "Amended Information" was addressed to the sound discretion of the court under ch. 38, par. 111—5, Ill. Rev. Stat. 1967, and that the trial court ruled that the "Amended Information" was constitutionally impermissible.

■■ A dismissal of a *nolle prosequi* is not a final disposition of a prosecution and if entered before jeopardy attaches, will not bar further prosecution for the same offense. (*People v. Piatt,* 35 Ill.2d 72; 219 N.E.2d 481.) In that case an information charging "drag racing" was filed. Amendment to add a charge of reckless driving was denied. The State's Attorney dismissed the information and filed a new information. Upon defendant's motion the latter was dismissed, being argued that the second information was a subterfuge to circumvent the court's prior order. Upon appeal it was held that it was error to dismiss the second information as the second prosecution was barred only if there was a conviction or acquittal upon the first. This holding is consistent with the rule in Illinois prior to the adoption of the Criminal Code of 1961. (*People v. Watson,* 394 Ill. 177, 68 N.E.2d 265.) Again, in *People v. Miller,* 35 Ill.2d 62, 219 N.E.2d 475, there was a mis-trial upon an indictment for rape. After such mis-trial, the State dismissed the pending indictment and procured a further indictment for rape and other offenses alleged to have occurred at the same time and place as first charged. Upon defendant's contention that trial upon the second indictment was barred as to all offenses other than those charged in the first indictment, the trial court dismissed such second indictment. The Supreme Court reversed, holding that the prosecution of the additional charges would be barred only if there had been a conviction or acquittal upon the first indictment. The Supreme Court followed such construction of the meaning of ch. 38, par. 3—3 and par. 3—4, to bar prosecution upon a subsequent indictment. *The People v. Mullenhoff,* 33 Ill.2d 445, 211 N.E.2d 744.

In *People v. Seipel,* 108 Ill.App.2d 384, 247 N.E.2d 905, the defendant was permitted to withdraw a plea of guilty to an information charging manslaughter. The State thereupon procured an indictment for murder. Upon appeal it was contended that there was a basic unfairness in such procedure and that having elected to proceed upon an information charging manslaughter, and having defendant to withdraw her plea, the State should be barred from proceeding upon the greater offense of murder. This court followed the stated rule that such prosecution was barred only if there had been a conviction or acquittal upon the original information. *Certiorari* was denied on April 20, 1970. (397 U.S. 1057, 25 L.Ed.2d 675.) In *People v. McGraw,* 77 Ill.App.2d 41, 222 N.E.2d 130, an information charged aggravated battery. Following a pretrial con-

ference the State's Attorney procured an information charging battery and dismissed the charge of aggravated battery. Upon defendant's motion the trial court dismissed the subsequent information as being the same battery as that in the information which had been dismissed. Upon appeal it was contended that the latter charge should be dismissed because the State's Attorney was unethical. The court reversed the order of dismissal and reinstated the second information for trial pointing out that there had been neither an acquittal nor a conviction on the original charge, and that no prejudice arose from the dismissal prior to trial. See also *People v. Neal*, 89 Ill.App.2d 318, 231 N.E.2d 610.

It thus appears that there is a considerable precedent which might cause the State's Attorney to feel that it was proper to proceed by information with charges which might be proven under the known facts. ■■ Defendant contends that the judgment in cause "892" is *res judicata* of the issues presented in cause "1915". Strictly speaking, in criminal law the doctrine of *res judicata* functions only through the pleas of *autrefois acquit* and *autrefois convict*. (*Perkins, Collateral Estoppel in Criminal Cases*, University of Illinois Law Forum, 1960 V. 4, p. 533 *et seq.*) The doctrine of *res judicata* is thus consistent with the constructions of ch. 38, par. 3—3 and par. 3—4, Ill. Rev. Stat. 1967, in the cases cited. We have examined the cases collected in 9 A.L.R.3d 203, 147 A.L.R. 991, and the notes of the United States Supreme Court cases hereinafter mentioned. In none have we found an instance where the doctrine of *res judicata* was not related to a conviction or an acquittal or its equivalent, *i.e.*, a directed verdict, a discharge under the 120 day rule, or a dismissal upon a plea of the Statute of Limitations. The defendant cites *United States v. Oppenheimer*, 61 L.Ed. 161; 242 U.S. 85 as authority for the use of *res judicata*. This case, however, holds that a plea of the Statute of Limitations as a bar to prosecution was the equivalent of an acquittal within the doctrine of *res judicata*. (See *Perkins, Collateral Estoppel in Criminal Cases, supra.*) There is, in fact, authority that a dismissal prior to jeopardy does not support a claim of *res judicata*. See *Robinson v. U.S.*, 284 F.2d 775, where there was a dismissal of an indictment upon the grounds of comity, and *U.S. v. Harriman*, 130 F.Supp. 198, which held that dismissal of an indictment for variance with the proof was not a judgment of acquittal which was a defense to a subsequent prosecution. In *People v. Kissane*, 347 Ill. 385; 179 N.E. 850, a motion to suppress evidence was allowed as to information in the Municipal Court. In a subsequent proceeding in the Criminal Court, the motion to suppress was denied. Upon the contention that the ruling in the first case was *res judicata*, upon the legality of the search the court held that *res judicata* did not apply as the defendant was not

brought to trial upon the first information, and the ruling upon a preliminary motion in that matter was not binding as to a second information. See also *People v. Taylor*, 124 Ill.App.2d 268; 260 N.E.2d 347.

It does not seem that the principle of collateral estoppel is applicable for we do not have a prosecution for a different offense. As stated by Perkins, University of Illinois Law Forum, 1960, v.4, p. 543:

> "The essence of collateral estoppel in a criminal case is that the second prosecution, although not for the same offense as the first, must be dismissed or otherwise disposed of in defendant's favor, if the second jury could not return a verdict of guilty without an adverse finding on the very issue which was found in his favor by the first jury."

Again, we have found no cases where collateral estoppel was applicable other than upon an acquittal or a conviction after trial upon the merits. (*Sealfon v. United States*, 92 L.Ed. 180; 332 U.S. 575, p. 579; *Yates v. United States*, 1 L.Ed.2d 1356; 354 U.S. 298, and cases collected in 9 A.L.R.3d 203.) Defendant relies upon *Ashe v. Swenson*, 25 L.Ed.2d 469; 397 U.S. 436. There defendant was acquitted of a charge of robbery as to one victim. After a conviction of the robbery of a second victim, the doctrine of collateral estoppel was applied where the jury in the first case would have had to determine that defendant was not one of the robbers. (See Warren dissent, *Hoag v. New Jersey*, 2 L.Ed.2d 913, p. 921; 356 U.S. 464.) The Illinois Supreme Court has used the term estoppel by verdict. (*People v. Haran*, 27 Ill.2d 229; 188 N.E.2d 707.) There defendant was acquitted upon an indictment charging statutory rape. The court held that upon a trial of a subsequent charge of deviate sexual assault, it was error to prove intercourse as such issue had been necessarily determined by the jury in acquitting defendant upon the charge of rape. The doctrine of collateral estoppel is not available, however, where a magistrate who had jurisdiction to try the offense dismissed the case for want of prosecution. The court held that such order of dismissal was not a bar to further prosecution as the order made no determination inconsistent with any fact necessary to convict in the subsequent prosecution. See *People v. Miner*, 85 Ill.App.2d 360; 229 N.E. 2d 4.

■■ Defendant argues that the trial court in cause "892" made a specific finding of harassment and oppression following an evidentiary hearing, and that either the doctrine of *res judicata* or collateral estoppel serves to bar proceedings in cause "1915". Neither the record nor the order contains any finding or statement suggesting an evidentiary hearing. The order entered in cause "892" does not contain anything which can be interpreted as a finding of harassment or oppression by the prosecution.

The internal evidence in the order is to the contrary, for the "Plea in Abatement" objects to the filing of Count II and III as being without leave of court. The "Order" sustained such objections and denies leave to file them. It specifically grants leave, however, to proceed upon Count I of the information, *i.e.*, criminal trespass. This portion of the order suggests that the magistrate was not undertaking to bar prosecution because of prosecutorial oppression.

It is argued here that the motion to amend the original complaint was addressed to the sound discretion of the magistrate under ch. 38, par. 111—5, Ill. Rev. Stat. 1967, and the order suggests that the magistrate acted upon such issue. The statutory provision, however, relates to the amendment of an information as to specified formal defects without the necessity of dismissal and refiling. Proceedings under such statute, however, do not serve to overturn the rules stated in *Piatt* and *Miller*.

Defendant argues that the magistrate rules that the "proposed amendments were constitutionally impermissible", and that the charges of disorderly conduct and obstructing justice are constitutionally barred. Neither the judgment orders entered nor any part of the record suggests such a ruling of the magistrate. We find no ruling by the magistrate that the statutes concerned, or any one of them, is unconstitutional.

We have examined the several cases cited. *Litton v. Beto,* 386 F.2d 820; *Teller v. U.S.,* 263 F.2d 871; *Euziere v. U.S.,* 249 F.2d 293 and *Waley v. Johnston,* 86 L.Ed. 1302; 316 U.S. 101, all concern questions of coercion of a plea of guilty. There is no such issue here. *United States v. Jackson,* 20 L.Ed.2d 138; 390 U.S. 570, determined that the statute concerning the death penalty in kidnapping cases impaired the free exercise of the right to trial by jury. This is not an issue here. *Yick Wo v. Hopkins,* 118 U.S. 356, was a *habeas corpus* proceeding for persons convicted under a municipal ordinance which permitted arbitrary and discriminatory action, and the record shows that the ordinance was so used. *Dombrowski v. Pfister,* 14 L.Ed.2d 22; 380 U.S. 479, enjoined state officials from continued prosecutions after the arrests pursuant to statute had been quashed in the state courts and the evidence obtained had been suppressed.

In *Georgia v. Rachel,* 16 L.Ed.2d 925; 384 U.S. 780, there were proceedings under the Civil Rights Act for removal of prosecution from a state court. It was alleged that there had been repeated arrests under a state statute regarding criminal trespass in places of public accommodations upon a racially discriminatory basis, and upon terms and conditions not imposed upon members of the Caucasion race. The court noted that the Statute related to specific civil rights provided by statute as to removal, but that the Statute did not support a claim under the

broader provisions of the First Amendment or the due process clause of the Fourteenth Amendment.

● 5-7    Again, the several charges in the information at issue have been sustained on constitutional grounds. Criminal trespass to land, ch. 38, par. 21—3, Ill. Rev. Stat., was reviewed in *People v. Goduto,* 21 Ill.2d 605; 174 N.E.2d 385. It was determined that there was no violation of the First and Fourteenth Amendments. (*Cert.* denied, 7 L.Ed.2d 190; 368 U.S. 927). Obstructing a peace officer, ch. 38, par. 31—1, has been held not to violate due process as vague or overbroad. (*People v. Raby,* 40 Ill.2d 392; 240 N.E.2d 595 (*Cert.* denied, 21 L.Ed.2d 776; 393 U.S. 1083).) The statutory offense of disorderly conduct, ch. 38, par. 26—1, is not unconstitutionally vague or offensive to due process, or otherwise violative of the Fourteenth Amendment. (*U.S. v. Woodard,* 376 F.2d 136; *People v. Raby,* 40 Ill.2d 392; 240 N.E.2d 595; (*Cert.* denied, 21 L.Ed.2d 776; 393 U.S. 1083), and *People v. Crockett,* 41 Ill.2d 226; 242 N.E.2d 235 (*Cert.* denied, 22 L.Ed.2d 560; 394 U.S. 959).) The latter section applies to public buildings where there is, in fact, a breach of public peace. *City of Chicago v. Perez,* 45 Ill.2d 258; 259 N.E.2d 4.

■■    The allegations of the "Plea in Abatement" concerning the telephone conversation between counsel and the State's Attorney do not support the argument of conspiracy to persecute the defendant. Evidence upon the offenses charged may well show other than peaceful conduct by the defendant. Nothing alleged suggests that defendant had some particular statuts to demand a roster of persons arrested and held in jail, that bond for such arrested had been fixed or that any one present was authorized to accept bail. It is not shocking or offensive that a complainant should expect a complaint to be prosecuted in some fashion. There is nothing which suggests that after filing the charges the police department, officially or through individuals, has made representations or other statements to the defense. The conversation between the State's Attorney and counsel concerning the making of a plea is hardly coercion *per se. Litton v. Beto,* 386 F.2d 820; *People v. Bowman,* 40 Ill.2d 116; 239 N.E.2d 433.

Defendant cites *Dixon v. Dist. of Columbia,* 394 F.2d 966 and *People v. Walker,* 14 N.Y.2d 901; 200 N.E.2d 779. In these cases prosecution was commenced or reinstated following the filing by defendant of complaints or charges against the department concerned. Such facts suggesting retaliation or persecution are not shown in this record.

The judgment below is reversed, the information is reinstated, and the cause is remanded for proceedings not inconsistent herewith.

Reversed and remanded

SMITH, P. J., concurs.

Mr. JUSTICE CRAVEN dissenting:

Although I originally indicated agreement with the majority opinion I am now persuaded, upon consideration of the petition for rehearing, that the opinion is in error and the action of the trial court should be affirmed.

The problem seems to be one of semantics. In Cause No. 892, the original complaint charged criminal trespass. Thereafter two additional counts were filed charging disorderly conduct and obstructing the performance of official duties by a police officer. The defendant filed a motion, characterized as a plea in abatement, in Cause No. 892, and many of the substantive allegations in that motion were admitted by the People.

It was there alleged that the proliferation of charges were as a result of harassment and that such charges were motivated by demands and insistence for prosecution by the police department. The trial court *dismissed* the additional charges, concluding, presumably solely in response to the objections and the prosecution's answer to those objections, that Counts 2 and 3 could not properly be filed. The order is couched in language that leave to file Counts 2 and 3 is denied. In fact, those counts had previously been filed without leave of court. The prosecution, thus, in substantive effect, suffered an involuntary dismissal of Counts 2 and 3. Count 1 was voluntarily dismissed. Inasmuch as the substantive effect of the order in Cause No. 892 was to dismiss Counts 2 and 3, such was clearly appealable by the State. No appeal was taken. Thus, in this case, as in *People v. Quintana* (1967), 36 Ill.2d 369, 223 N.E.2d 161, and irrespective of the choice of phraseology, the substance and effect of the court's order was dismissal. The dismissal was for the reasons urged in the objections and the answer.

Furthermore, there seems to me to be merit in the contention that the majority opinion, in straining to reverse the trial court, has cast a burden upon the appellee to present a record upon which the action could be affirmed. I thought it was well-established that the burden was on the appellant to show grounds for reversal.

That which was done in No. 892 was done over again between the same parties in the same court with reference to the same subject-matter, the only difference being that the State now appeals the dismissal of the proliferated charges. When we condone such multiplicity of proceedings under these circumstances, we offend against the doctrines of *res judicata* and collateral estoppel. See this court's opinion in *People v. O'Neil* (Gen. No. 11361), 132 Ill.App.2d 356, 271 N.E.2d 690 (4th Dist. 1971).

In *Ashe v. Swenson* (1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d

469, the United States Supreme Court clearly held collateral estoppel to be an essential ingredient of the double jeopardy cause, and that by reason of the decision in *Benton v. Maryland* (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, such is applicable to the States. Jeopardy, therefore, is more than a former conviction or an acquittal.

As I view this record, the order appealed from is essentially the same as a prior order that became final for want of an appeal. The action of the trial court should be affirmed.