THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SOL GAULT, Defendant-Appellee.

(No. 59603; ▮▮▮▮▮▮▮▮▮)

First District (2nd Division)—July 30, 1974.

Bernard Carey, State's Attorney, of Chicago, for the People.

Claire I. Rosen and Sinclair Kossoff, both of Edes and Rosen, of Chicago, for appellee.

PER CURIAM:

The defendant, Sol Gault, was charged in a complaint filed February 13, 1973, with battery in violation of Section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 12—3), in that on July 22, 1972, he intentionally and without legal justification struck the complainant, Edward C. Thompson, causing him bodily harm. At trial on July 30, 1973, the court, on motion of the defendant, dismissed the complaint, reasoning that since an earlier city charge of disorderly conduct had been

dismissed on February 1, 1973, on motion of the city attorney and was based on the same facts, subsequent prosecution by the State would place the defendant twice in jeopardy. (Ill. Rev. Stat. 1971, ch. 38, par. 3—4.) The State has brought this appeal under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)), contending that the State prosecution was not barred because jeopardy had not attached when the city charge was dismissed.

In dismissing the battery charge, the trial court stated that its decision was based on section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 3—4) and on the decision of the United States Supreme Court in *Waller v. Florida,* 397 U.S. 387, 25 L.Ed.2d 435, 90 S.Ct. 1184, which had held that "successive prosecutions for the same offense by a State and by a municipality within that State are prohibited by the double jeopardy clause" (*People v. Allison,* 46 Ill.2d 147, 149, 263 N.E.2d 80). The State contends that *Waller* is not applicable here, since jeopardy does not attach in a bench trial until the court has begun to hear evidence; and that a nonsuit prior to trial, by itself, does not place the defendant in jeopardy. (*People v. Laws,* 29 Ill.2d 221, 224, 193 N.E. 2d 806.) After examining the precedents in some detail, the court in *People v. Jackson,* 132 Ill.App.2d 1059, 1063-1064, 271 N.E.2d 673, concluded:

> "A dismissal of [sic] a *nolle prosequi* is not a final disposition of a prosecution and if entered before jeopardy attaches, will not bar further prosecution for the same offense. (*People v. Piatt,* 35 Ill.2d 72; 219 N.E.2d 481.) * * *
>
> * * *
>
> "* * * We have examined the cases collected in 9 A.L.R.3d 203, 147 A.L.R. 991, and the notes of the United States Supreme Court cases hereinafter mentioned. In none have we found an instance where the doctrine of *res judicata* was not related to a conviction or an acquittal or its equivalent, *i.e.,* a direct verdict, a discharge under the 120 day rule, or a dismissal upon a plea of the Statute of Limitations."

Likewise, in the case before us, since there was no conviction or acquittal or its equivalent, the subsequent State prosecution of the defendant did not twice place him in jeopardy.

Defendant also argues that it would be fundamentally unfair to allow the State to prosecute him now since he agreed to the nonsuit of the cross-complaints of disorderly conduct only on the understanding that it would end the matter. The complaint, it is contended, thereby either waived his right to file a battery complaint or is estopped from doing so. (The record

shows that the complainant did object to the dismissal.) In *People v. Garcia*, 7 Ill.App.3d 742, 747, 288 N.E.2d 637, the court held that a nolle prosequi of a burglary charge, entered before jeopardy had attached, does not prevent a subsequent prosecution for the same offense since the nolle prosequi "leaves the matter in the same condition as before the prosecution." If voluntary dismissal of a State charge by the State cannot bar a subsequent prosecution, an agreement by a city prosecutor or a private citizen cannot.

Therefore, the judgment of the Circuit Court of Cook County granting the motion to dismiss is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HAYES, J., took no part in the consideration or decision of this case.