(No. 19775—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM WHITE, Plaintiff in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 11, 1930.*

EUGENE L. McGARRY, and EMMETT I. HARRINGTON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and JOHN HOLMAN, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, William White, together with Edward Dunn, Merrill Gray and George Schacke, was indicted in the criminal court of Cook county for the crime of robbery while armed with a dangerous weapon. Plaintiff in error was granted a separate trial, which resulted in his conviction and sentence to the penitentiary at Joliet for an indeterminate term. He brings the cause to this court for review upon writ of error.

Benjamin Star, a witness for the State, testified that he was doing business with his brother, Maurice Star, under

the name of the Star Clothing Shop, at 4613 South Ashland avenue, Chicago, and that about nine o'clock A. M. on August 16, 1928, George Schacke came into his place of business, pulled out a gun, tied up the witness, took his keys and $18 from his person, $63 from the cash register, and a diamond ring valued at $18. Schacke, who had previously been convicted of the crime, testifying as a witness on behalf of the State, stated that he, White and Gray were living at 29 South Curtis street, Chicago; that he talked over the robbery of the Star Clothing Shop with White and Gray and went out with Gray on a street car to the shop and robbed Star; that he came back to the place at 29 South Curtis street and gave the proceeds of the robbery, consisting of about $80 and a diamond ring, to White and Gray; that he got the gun used in the hold-up from plaintiff in error; that witness participated in fifteen robberies or hold-ups at the instance and request of plaintiff in error; that he had been promised no immunity or reward and did not expect any for testifying.

It is contended by plaintiff in error that the court erred in admitting the evidence of the other robberies. This evidence was incompetent, as it did not fall within any of the exceptions to the well known rule that evidence of a distinct, substantive offense cannot be admitted in support of another offense. The evidence was not competent to prove defendant's guilt in the instant case. Complaint is made of some other rulings of the trial court and of the misconduct of the State's attorney. It is not the purpose of a reviewing court to determine in a criminal case whether the record is perfect, but to determine whether the accused has had a fair trial and whether or not his conviction is based upon competent evidence establishing his guilt beyond a reasonable doubt. (*People* v. *Spaulding*, 309 Ill. 292.) Where it can be said from the record that the errors complained of could not reasonably have affected the result of the trial, the judgment of the trial court should be affirmed. (*Peo-*

*ple* v. *Moone*, 334 Ill. 590; *People* v. *Cardinelli*, 297 id. 116; *People* v. *Zalapi*, 321 id. 484.) Plaintiff·in error's guilt was positively established by the testimony of Schacke. No evidence whatever was submitted which in any way tended to contradict it. The jury, in accordance with the law, did not fix the term of plaintiff in error's imprisonment in the penitentiary. Under the competent evidence in the case the jury could not reasonably have found a verdict other than the one which they found.

The judgment of the criminal court will therefore be affirmed.

*Judgment affirmed.*