(No. 20995

The People of the State of Illinois, Defendant in Error, *vs.* Anthony Kissane, Plaintiff in Error.

*Opinion filed February 19, 1932.*

Burke, Immenhausen & Crane, and George Hans, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Grenville Beardsley, of counsel,) for the People.

Mr. Commissioner Edmunds reported this opinion:

Anthony Kissane, otherwise called Red Kissane, was tried in the criminal court of Cook county on the charge of carrying on or about his person a concealed weapon. The jury brought in a verdict of guilty, and judgment was

entered sentencing him to imprisonment in the county jail for a term of one year and to pay a fine of $300. This judgment was affirmed by the Appellate Court for the First District, and the cause has been brought to this court by writ of error.

Prior to the entry by plaintiff in error of his plea of not guilty he made a motion to suppress the evidence found on his person at the time of his arrest. The record discloses that while this motion was under consideration there was a colloquy between the court and counsel for plaintiff in error, and that in the course of this colloquy the court told counsel to make a motion to be heard on the point when the weapon was offered in evidence. It further appears that when the weapon was offered in evidence in the course of the trial counsel for plaintiff in error made a motion to suppress the introduction of it, whereupon the court ordered the jury to be withdrawn and outside of its presence heard evidence bearing on the issue as to whether it had been legally seized. After such evidence was heard the motion was overruled.

Plaintiff in error contends that the trial court erred in overruling the motion to suppress, which was made prior to the entry of his plea, insisting that he was entitled to a hearing on the matter at that time. In support of this contention counsel cite *People* v. *Brocamp,* 307 Ill. 448, *People* v. *Castree,* 311 id. 392, *People* v. *Brooks,* 340 id. 74, *People* v. *Winn,* 324 id. 428, and *People* v. *Drury,* 335 id. 539. Particular attention is called to the statement made in the Castree and other cases, that "while the court, on objection to the admission of evidence, will not stop the trial of the case and enter upon the trial of a collateral issue as to the source from which the evidence was obtained, where the defendant makes timely application, before the beginning of the trial, for an order directing the return to him of the property or papers unlawfully seized, the court should hear and determine the question of the legality of the seizure,

and if it erroneously refuses to do so and receives the property in evidence against the defendant over his objection, it is an error for which the judgment of conviction must be reversed." Counsel's argument is without merit. The cases cited do not purport to lay down a rule limiting the time within which the trial court must give a hearing to the question, assuming it to be aptly raised. They go no farther than to limit the time within which the point may be made by the defendant in the case, and correctly hold that inasmuch as an offer of proof made on trial raises no other question than that of the competency, relevancy and materiality of the evidence offered, this question must be presented before the trial begins. In the present case plaintiff in error was given a hearing on his contention, and under the circumstances disclosed there was no reversible error in considering and ruling on the matter after the trial began rather than before.

The next contention of plaintiff in error is, that his arrest was illegal and that the weapon was improperly seized. The testimony of police officer William Drury, who arrested plaintiff in error, was that witness had received a description of the man who had held up the Lake View Trust and Savings Bank two days before; that the description received was of a man between five feet eleven and six feet tall, with a sallow complexion, slender build, and a "kind of pointed nose;" that the description of plaintiff in error tallied with this; that that morning, after roll call, while reading over the various crimes of the week end, witness' partner and witness talked the robbery over and came to the conclusion that the description answered that of plaintiff in error, who had been arrested by witness before; that witness saw plaintiff in error on Clark street and told him he was under arrest; that witness then ordered him into a doorway, searched him and found the weapon in question in his inside overcoat pocket. Plaintiff in error offered no evidence in rebuttal of this testimony. Section 4 of divi-

sion 6 of the Criminal Code provides that an arrest may be made without a warrant by an officer when a criminal offense has in fact been committed and he has reasonable ground for believing that the person to be arrested has committed it. (Cahill's Stat. 1931, chap. 38, par. 681.) Where an arrest is made under such circumstances the officer has a right to search the arrested person without a search warrant. (*People* v. *Caruso,* 339 Ill. 258; *People* v. *DeLuca,* 343 id. 269.) Whether or not the officer had reasonable ground for believing that plaintiff in error had committed the bank robbery is a mixed question of law and fact, the circumstances to show it reasonable being the fact and their sufficiency when shown being a question of law. No general rule applicable to every case has been, or probably can be, announced as to what facts will constitute justification, in law, for an arrest without a warrant, other than that such grounds of suspicion exist as should influence the conduct of a prudent and cautious man under the circumstances. Each case must be considered upon its own facts. (*People* v. *Doody,* 343 Ill. 194; *Carroll* v. *United States,* 267 U. S. 132.) Counsel contend that there is, in effect, no evidence which this court can consider as justifying the arrest, asserting that the testimony of the police officer is "unworthy of belief." They characterize this testimony as an "obviously false story" and a "preposterous story," basing such statements, apparently, on the contention that it appears that plaintiff in error was released from jail about five hours after his arrest and that it does not appear that he was ever formally charged with the bank robbery. We cannot accede to the argument that we must reject the officer's testimony as a falsehood, and our opinion is that the arrest and search were proper.

It appears that prior to the indictment of plaintiff in error in the criminal court of Cook county an information was filed in the municipal court of Chicago charging him with carrying concealed weapons and that a motion made

by plaintiff in error to suppress evidence was sustained by that court. Plaintiff in error contends that the indictment charged the same crime as the information thus filed; that the municipal court had concurrent jurisdiction with the criminal court in the matter; that the ruling of the municipal court suppressing the evidence was an adjudication upon the question of the legality of the search and seizure, and that under the doctrine of *res judicata* the question was not open for consideration in the criminal court. This contention is not well taken. The ruling by the municipal court was upon a mere preliminary motion. Plaintiff in error was not brought to trial in that court. Moreover, it does not appear that he entered any plea in that court. We have consistently and uniformly held that a plea is essential to constitute an issue to be tried in a criminal case. (*People* v. *Kennedy,* 303 Ill. 423.) Under these circumstances the doctrine of *res judicata* has no application.

Plaintiff in error contends, lastly, that the court erred in admitting incompetent evidence and in permitting the volunteering by officer Drury of allegedly improper statements tending to arouse the prejudice of the jury. The first point made under this contention is in relation to a ruling of the court in the course of Drury's direct examination. Drury testified that when he arrested plaintiff in error he said he was working; that witness asked him whom he was working for, and that plaintiff in error said he was working for Jake Lingle. After further questions dealing with witness' disposition of plaintiff in error immediately after the arrest, the State's attorney asked, "Who was Jake Lingle?" Objection to the question was overruled and witness answered, "He was a man that was recently murdered." Whether or not the question was material, we are unable to conclude from the record that overruling the objection to it was reversible error. *People* v. *White,* 338 Ill. 33; *People* v. *Guilfoyle,* 321 id. 93; *People* v. *Burger,* 259 id. 284.

The next point made by plaintiff in error under this last contention relates to the court's ruling on certain questions asked while the legality of the seizure of the weapon was under consideration. These questions being asked while the jury was excluded from the court room, there is obviously no merit in the argument that the prejudice of the jury was aroused thereby.

The final point made is based upon answers given by officer Drury while he was under cross-examination by counsel for plaintiff in error. As shown by the abstract the testimony thus given was as follows: "I don't know anybody who was in court when he was convicted, but he was charged with murder and with the Roundout robbery. I believe he was acquitted of the murder. I wasn't at the trial or at the arrest but I read the papers. I did not see him in custody at that particular time. I have seen him in custody. Fred Tapscott arrested him. I heard Kissane went in with a shot-gun and shot up the car men's hall. I was not there but I read some of it in the papers. By 'gangster' I mean a man who lives by the gun. He lived by the gun and on his muscle, like a lot of other gangsters. He goes around intimidating people—taking money from them. If I knew who he intimidated I would have complaints. I know he did not carry a gun to pick his teeth with." All of this testimony was brought out by counsel for plaintiff in error. No objection appears to have been made to any of the answers nor was any motion made to strike any of them from the record. The argument that reversible error was committed by the trial court in this connection carries no convincing force.

The judgment of the Appellate Court is affirmed.

Per Curiam: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*