**UNITED STATES of America ex rel. Robert L. BURAGE, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

No. 13933.

United States Court of Appeals Seventh Circuit.

April 23, 1963.

William J. Hurley, Chicago, Ill., for appellant.

William C. Wines, Chicago, Ill., William G. Clark, Atty. Gen. of State of Illinois, Chicago, Ill., Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Robert L. Burage, petitioner, has appealed from an order of the district court dismissing his petition for a writ of habeas corpus directed to Frank J. Pate, Warden, Illinois State Penitentiary, Joliet, Illinois.

The facts upon which petitioner relies, and as set forth in his verified petition, are essentially as follows:

In the Criminal Court of Cook County, Illinois, on an indictment charging him with unlawful possession and sale of narcotics, he was tried before a jury, found guilty and sentenced to the state penitentiary.

1. Witnesses against him were policewoman Inez Anderson and two federal narcotics agents. Petitioner did not testify.

On cross-examination most of Anderson's answers were short and of the "yes", "no" and "I don't remember" type. *Defendant's* attorney then propounded a general question, to which the witness answered:

"I remember him stating that he had a nice girl friend now and he was going to go straight since he was out of the pen and he wasn't going to dirty her up."

The defense attorney moved for a mistrial, which was denied by the court.[1]

It is alleged by petitioner that he "did not testify in his own behalf for fear the state would bring up his previous criminal record and present it to the jury. However, the *state* was able to get the past record over to the jury anyway because its witness informed the jury about the record." (Italics supplied for emphasis.)

On writ of error the Illinois Supreme Court, in People v. Burage, 23 Ill.2d 280. 282, 178 N.E.2d 389, 391, said:

"While it may be agreed that the reference to defendant's prior incarceration in the penitentiary was

---

1. It does not appear that any motion was made to strike the answer or to instruct the jury to disregard any part of it, or that defense counsel disclaimed the answer.

completely incompetent and irrelevant, the State is not responsible for questions asked by the attorney for the accused, and neither is it responsible for the answers to such questions by the State's witnesses. (People v. Henry, 3 Ill.2d 609, 122 N.E.2d 159; People v. Maciejewski, 294 Ill. 390, 128 N.E. 489; People v. Singer, 288 Ill. 113, 123 N.E. 327.) If a defendant procures, invites or acquiesces in the admission of evidence, even though it be improper, he cannot complain. (People v. Singer, 288 Ill. 113, 123 N.E. 327; People v. Maciejewski, 294 Ill. 390, 128 N.E. 489; People v. Kissane, 347 Ill. 385, 179 N.E. 850; People v. Garafola, 369 Ill. 232, 16 N.E.2d 741.) Furthermore, a trial court is not obligated to exclude improper evidence where a defendant makes no objection, does not move to exclude it or does not disclaim the answers. People v. Henry, 3 Ill.2d 609, 122 N.E.2d 159; People v. Kissane, 347 Ill. 385, 179 N.E. 850.

"In the instant case defendant's counsel, by a process of sharp questioning, was obviously exploring for some basis to discredit the testimony of the policewoman. It was he who insisted on bringing out the details of any conversation between defendant and the informer and thus invited and induced the answer of the witness. That the answer contained improper matter afforded no grounds for a mistrial, nor was its admission reversible error, particularly since defendant took no steps to have it excluded from the record, or to have the jury instructed to disregard it. * * *"

In this court, counsel for petitioner characterizes his point in these words:

"* * * since he did not take the witness stand, testimony of his prior imprisonment blurted out by a police officer while being cross-examined by Burage's attorney was so inflammatory and vicious that it prejudiced the jury and thereby deprived Burage of a fair trial."

We do not believe that the record as related by petitioner himself shows that the witness under cross-examination "blurted out" the answer nor do we believe that the witness' simple recital of what petitioner had said to her was either inflammatory or vicious. Whatever the effect of this testimony was, it was not elicited by the prosecution, but by petitioner's own attorney.

We find no violation of federal constitutional rights in the circumstances under which this testimony was introduced into the record. To rule otherwise would be to permit the conduct of a defendant's own attorney to jeopardize the rights of a state in enforcing its criminal laws.

■■ 2. Petitioner relies on 28 U.S.C.A. § 2243, which provides

"A court, justice or judge entertaining an application for a writ of habeas corpus * * * shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

Petitioner admits that it is not necessary that a district court hold a plenary hearing on every valid petition presented to it, but that it need only dispose of all of the unresolved questions, whether of fact or law or mixed. We agree.

We recognized this principle in Shelton v. United States, 7 Cir., 292 F.2d 346 (1961), which we reversed and remanded because we felt it was necessary for the district court to consider evidence in order to make a finding of facts on an unresolved issue of fact. However, in the case at bar, the facts, which are the basis of our holding, we have accepted as correctly stated by petitioner in his petition for a writ of habeas corpus. There was, therefore, no reason for a hearing in the district court nor a finding of facts.

Petitioner, in this court, has been represented by Attorney William J. Hurley of the Illinois bar, whom we appointed. We express our appreciation for the ear-

nest and valuable service which he has rendered in this case.

For the reasons herein set forth, the order of the district court is affirmed.

Affirmed.