The People of the State of Illinois, Plaintiff-Appellee, *v.* Fletcher Pugh, Defendant-Appellant.

(No. 53995;

First District—May 20, 1971.

Lawrence G. Martin and Kenneth L. Gillis, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert N. Novelle and Roger Matelski, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

In a trial without a jury, Fletcher Pugh was convicted of the offense of unlawful use of weapons and sentenced to six months in jail.

Officer Lorenzo Higgins, of the Chicago Police Department, noticed a taxicab stopped in the middle of the street near 4620 South Greenwood, Chicago. He observed two men seated in the rear of the cab and although the cab was not violating any traffic ordinance, he approached the vehicle as numerous armed robberies of cab drivers had taken place in the vicinity. While walking towards the cab Higgins observed one of the men, Pugh, hand an object, which appeared to be a gun, to the other passenger who immediately threw it on the seat. Higgins opened the rear door and picked up the gun.

Prior to the trial, counsel for Pugh made a motion to suppress the weapon which had been removed from the seat of the cab. When the hearing on the motion began Higgins was called to the stand. After he identified himself and answered two questions posed by the defendant's counsel, the court inquired whether there would be a plea of not guilty and whether a jury would be waived. After receiving affirmative replies to these questions, the court said that the hearing on the motion would be conducted simultaneously with the trial. Counsel for the defendant objected and requested a ruling upon the motion to suppress. In response, the court stated:

> "Here is the reason I do this, Counsel. To get right down to the practicalities, I know you don't practice in here often. But, we

usually hear them with the trial, because of the fact that we hear it on a preliminary motion. You see if I deny the motion, well, then a lot of times they will say, 'We want a jury trial,' and then go shopping around and it prolongs the litigation."

The defendant's attorney informed the court that he was prepared to go ahead subject to his objection. A plea of not guilty was entered and a jury trial was waived.

When the present Code of Criminal Procedure was being drafted, testimony was given at a hearing before its framers emphasizing procedural abuse which permitted a defendant to obtain a pretrial ruling on a motion to suppress and, if it proved unsatisfactory to him, to demand a jury trial. The motion could then be relitigated before the judge assigned to try the jury case. LaFave, Search and Seizure: "The Course of True Law  *  *  *  Has Not  *  *  *  Run Smooth," 1966 Illinois Law Forum 255.

Nevertheless, the legislature disregarded the warning of the possibility of judicial shopping. Not only did the legislature affirm that a motion to suppress must be made prior to trial, it gave specific permission for a defendant to renew the motion if the trial was to take place before a judge other than the judge who had ruled upon the motion. (Ill. Rev. Stat. 1967, ch. 38, par. 114—12.) The statute, in pertinent part, is as follows:

"(a) A defendant aggrieved by an unlawful search and seizure may move the court for the return of property and to suppress as evidence anything so obtained on the ground that:

(1) The search and seizure without warrant was illegal;  *  *  *

(b)  *  *  *  The judge shall receive evidence on any issue of fact necessary to determine the motion  *  *  *."
*  *  *

"(c) The motion shall be made before trial  *  *  *.

(d) The motion shall be made only before a court with jurisdiction to try the offense and the motion may be renewed if the trial takes place before a judge other than the one who heard the motion."

The State cites *People v. Braden* (1966), 34 Ill.2d 516, 216 N.E.2d 808 and *People v. Kissane* (1932), 347 Ill. 385, 179 N.E. 850, to sustain the action of the trial court. In *Braden* a motion to suppress evidence obtained in a search of the defendant's apartment was made, heard and denied prior to trial. The reviewing court was of the opinion that the trial court erred in denying the motion, because the testimony at the hearing did not disclose the incidents leading up to the officers' visit to the apartment, and as a result there was an insufficient showing that the evidence was seized through a legal search. It was held, however,

the subsequent testimony at the trial supplied this deficiency and cured the error of the trial court in denying the preliminary motion to suppress. In the course of its opinion the court observed that the "requirement that a defendant move to suppress illegal evidence prior to trial is one of convenience to eliminate time-consuming collateral inquiries during the trial of the principal issue," and, "the court's ruling on such a motion is not final and may be changed or reversed at any time prior to final judgment." These observations were not intended to mean that a hearing on a motion to suppress may take place whenever the trial court wishes. *People v. Kissane* (1932), 347 Ill. 385, 179 N.E. 850, held that the trial court was under no obligation to make a determination of the legality of the search and seizure prior to trial. The court concluded that holding the hearing during the trial was not improper even though the motion to suppress was made before trial. But at the time the decision in *Kissane* was handed down there was no statute in Illinois governing pretrial motions to suppress.

The effort of the trial court to prevent the defendant from renewing his motion before another judge, and to save time by combining the hearing on the motion and the trial, was well-intentioned. However, proceeding with the trial over the defendant's objection was contrary to the statute and was error. *Cf. People v. Lefler* (1967), 38 Ill.2d 216, 230 N.E.2d 827.

The court also erred in not complying with section 114—12 (e), ch. 38, Ill. Rev. Stat. 1967, which provides:

> "The order or judgment granting or denying the motion [to suppress] shall state the findings of fact and conclusions of law upon which the order or judgment is based."

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

McNAMARA, P. J., and McGLOON, J., concur.