Parrillo, Sims and Bresler, of Chicago, (Murray W. Sims, Jr., of counsel,) for appellant.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BUTLER, Defendant-Appellant.

(No. 54619;

First District—December 7, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

The issue in this appeal is whether denial of defendant's motion to suppress evidence without findings of fact and conclusions of law is reversible error. We hold that where, as in this case, there is no question concerning credibility of witnesses and the evidence meets the required standards of reasonable searches, failure of the trial judge to make findings of fact and reach conclusions of law in ruling on a motion to suppress evidence is not reversible error.

## I

On February 1, 1969, at about 12:15 A.M., two uniformed Chicago policemen in a marked squad car responded to the call of a citizen who described and pointed out defendant as the man who had caused a disturbance. Defendant was seen walking in an alley and then enter a telephone booth. One of the officers went to him and said, "Come here, sir. We'd like to talk to you." Defendant left the booth, ran a short distance, drew a revolver and fired six to eight shots at the policemen. The officers returned the fire, pursued defendant, and after wounding him, caught him and searched his person. A Beretta automatic revolver and twenty rounds of live ammunition were taken from him. Defendant was later charged with attempt to murder one of the police officers.

Prior to his trial, defendant made a motion to suppress evidence. He called as his witnesses the two police officers. They described the call, the encounter with defendant, his shooting at them, the arrest and the search. No other evidence was offered in support of the motion. After hearing the two policemen, the trial judge said, "Motion will be denied." Defendant's bench trial followed. One of the two police officers testified. The gun and the bullets were received. No evidence in defense was offered by defendant. He was found guilty, and after overruling post-trial motions, the trial judge sentenced him to serve one year in the Vandalia Prison Farm and five years probation.

## II

Our code of criminal procedure provides that in ruling on a motion to suppress evidence illegally seized, "[t]he order or judgment granting or denying the motion shall state the findings of fact and conclusions of law upon which the order or judgment is based." (Ill. Rev. Stat. 1969, ch. 38, par. 114—12(e).) The record discloses a failure to comply with this statutory requirement. Defendant contends that this failure is reversible error. He argues that, as a result of it, the record, contrary to the statute, is deprived of the reasons for the trial judge's ruling. The State meets this contention with the argument that failure of the trial court to make findings and reach conclusions is not ground for reversal; at most, it is harmless error.

In *People v. Pugh* (Ill.App.2d), 272 N.E.2d 742, we reversed a conviction where over defendant's objections his motion to suppress evidence was heard simultaneously with the trial. Without elaboration, we held that failure of the trial judge to make findings of fact and reach conclusions of law in ruling on the motion to suppress was error. In *People v. Holloman*, 46 Ill.2d 311, 263 N.E.2d 7, however, a defendant contended

that failure of the trial judge to make findings of fact and reach conclusions of law in ruling on his motion to suppress was reversible error. The Supreme Court, in rejecting the contention, pointed to the lack of any question concerning credibility of the police officers who testified in support of the search and to the fact that the evidence met required standards of reasonable searches. Under such circumstances, the court concluded, failure of the trial judge to make findings of fact and reach conclusions of law was not reversible error.

■■ The case before us is an instance in which the only version of the search was furnished by the two policemen involved. Their testimony was not clearly unreasonable. (*People v. Haskell,* 41 Ill.2d 25, 241 N.E.2d 430.) There is no question concerning their credibility. The evidence met the standards of reasonable searches. (*People v. Holloman, supra.*) Under these circumstances, although failure of the trial judge to make findings of fact and reach conclusions of law in ruling on defendant's motion to suppress was error, (*People v. Pugh, supra*), the failure was not reversible error. Judgment is affirmed.

Judgment affirmed.

SCHWARTZ and STAMOS, JJ., concur.