THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES GARNER, Defendant-Appellee.

First District (5th Division)   Nos. 76-1694 through 76-1696 cons.

Opinion filed June 17, 1977.

Bernard Carey, State's Attorney, of Chicago (Gregg Owen, Assistant State's Attorney, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant was charged with unlawful use of a weapon and failure to carry both a State of Illinois firearm owner's identification card and a City of Chicago firearm registration certificate in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)), section 2(a) of "An Act relating to the acquisition, possession and transfer of firearms * * *" (Ill. Rev. Stat. 1975, ch. 38, par. 83—2(a)) and section 11—1—8 of the Chicago Municipal Code (Chicago Municipal Code, ch. 11.1, §11.1—8). All charges stemmed from a "pat-down" of defendant which resulted in the recovery of a .38-caliber revolver. On appeal the State contends the court erred when it granted defendant's motion to suppress.

At the hearing on defendant's motion to suppress the following pertinent evidence was adduced.

*Michael Grymes - Chicago Police Officer*

On July 1, 1976, he received a call that "a man with a gun" was standing by a tow truck located at 2121 East 97th Street. Upon arriving there, he observed defendant and a Mr. Wilson standing about three feet apart by a tow truck. Wilson had a gun in hand; defendant held nothing in his hands. At the time he did not know of any relationship between the two men. He identified himself as a Chicago police officer and told them to raise their hands. He then searched both men. On defendant he found a .38-caliber revolver.

On cross-examination he stated that defendant wore a service station uniform and Wilson wore blue denim.

In response to a question by the court, he stated that Wilson placed the gun on the bed of the truck. However, he did not indicate at what point Wilson did this.

Opinion

The State contends here that the trial court erroneously granted defendant's motion to suppress.

■■ Initially, we note that defendant failed to file a brief. Although we are not compelled to serve as an advocate for appellee, a court of review should decide the merits of an appeal, where the record is simple and the

claimed errors are such that the court can easily decide them without aid of an appellee's brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) The instant case presents such a situation and we will therefore decide the case on its merits.

At the hearing on his motion to suppress, defendant contended that his mere presence at the scene of a crime did not warrant a search of his person in violation of his constitutional rights. (U.S. Const., amend. IV.) In support of his contention he argued that the radio call mentioned only *one* man with a gun—Wilson. Moreover, he argued that Officer Grymes knew of no relationship between the two men.

■■ Although a police officer may not *search* a person simply because he is in the company of another person lawfully arrested (*People v. Galloway* (1956), 7 Ill. 2d 527, 131 N.E.2d 474) he is not precluded from conducting a *"pat-down"* of the companions of that person in order to protect himself or others, who may be nearby. (*People v. Evans* (1974), 22 Ill. App. 3d 733, 317 N.E.2d 734.) In *People v. Williams* (1975), 28 Ill. App. 3d 189, 194-195, 328 N.E.2d 89, 93-94, we quoted the following statement from *United States v. Berryhill* (9th Cir. 1971), 445 F.2d 1189, 1193 which is equally applicable here:

> " * * * It is inconceivable that a peace officer effecting a lawful arrest of an occupant of a vehicle must expose himself to a shot in the back from defendant's associate because he cannot, on the spot, make the nice distinction between whether the other is a companion in crime or social acquaintance. All companions of the arrestee within the immediate vicinity, capable of accomplishing a harmful assault on the officer, are constitutionally subjected to the cursory 'pat-down' reasonably necessary to give assurance that they are unarmed."

■■ We find this reasoning no less compelling even if there was no relationship between defendant and Wilson as defendant suggested at the hearing on his motion to suppress. Officer Grymes found defendant and Wilson standing three feet apart. Wilson had a gun in his hand. In all likelihood defendant was either a victim of a robbery or Wilson's companion. Because of the danger involved Officer Grymes was justified in responding (at least until the relationship could be clarified) as if the latter were true. See *People v. Evans* (1974), 22 Ill. App. 3d 733, 317 N.E.2d 734.

The judgment of the circuit court is· reversed and this cause is remanded for further proceedings.

Reversed and remanded.

MEJDA and WILSON, JJ., concur.