THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST R. MYERS, Defendant-Appellant.

Third District    No. 3—92—0581

Opinion filed July 2, 1993.

Janet Gandy Fowler, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

Defendant Ernest Myers was convicted of unlawful possession of a controlled substance with intent to deliver and was sentenced to a 10-year term of imprisonment. On appeal, defendant contends that his defense counsel was ineffective and that he was denied a fair trial by certain comments by the prosecutor during closing argument. We affirm.

Officer James Reilly of the Joliet police department testified that he went to the area where the defendant was eventually arrested in response to a report of a possible burglary of a pickup truck. When Reilly first drove by the area, there was no one in the truck, but upon returning a short time later he saw a man leaning into the truck with his feet sticking out of the driver's side. Reilly asked the man to get out of the truck, and Reilly recognized the man as Anthony Hite. Hite had prior arrests for weapon violations.

Reilly testified that when he arrived at the scene there was a car with its motor running parked directly ahead of the pickup truck and another vehicle about 20 to 25 feet ahead of the truck with a person inside. Hite told Reilly that the truck belonged to his sister, that it had broken down earlier, and he had come back to work on it. While Reilly talked with Hite, several other officers began to arrive, and the defendant got out of his car and approached the truck. The defendant told Reilly that he was there to help with the truck, and the defendant indicated to Hite that they should leave and get the truck later. While this conversation was taking place, Officer Gonzales saw a gun lying on the front seat of the car that was parked directly in front of the pickup truck. Gonzales asked Hite if the car was his, and Hite began to walk towards the car. The officers then began struggling with

Hite in an attempt to place him under arrest, and Reilly told Officer Yrquidi to keep an eye on the defendant, who was standing near the truck. Yrquidi told the defendant to put his hands on the hood of the truck and he conducted a brief pat-down search of the defendant's waist area. Yrquidi then continued to watch the defendant while the other officers took Hite into custody. According to Yrquidi, the defendant took his hands off the truck, reached into his pocket and dropped a small change purse onto the running board of the truck. After Hite was taken into custody, Reilly picked up the purse, which was found to contain 17.8 grams of cocaine. The defendant was then arrested and taken to the police station, where a subsequent search revealed that defendant was carrying a telephone pager and $260. Officer Yrquidi testified that approximately 15 to 30 seconds elapsed from the time that the gun was discovered until the defendant was taken into custody.

The defendant testified that Hite flagged him down as he was driving to his sister's house. Officer Reilly asked the defendant if he had a license because someone was needed to drive the truck away from the area. Defendant replied that he did not want to leave his car, but he would try to get someone to drive the truck. As defendant was leaving, Officer Gonzales saw the gun in Hite's car and Yrquidi pointed a gun at defendant and told him to put his hands on the truck. Defendant stated that he was halfway across the parking lot at the time. According to the defendant, he was standing with his hands on the hood of the truck for five to seven minutes and he was thoroughly searched during this time. Defendant denied ever having seen the change purse and he also denied having any drugs in his possession. As indicated earlier, the defendant was found guilty of unlawful possession of a controlled substance with intent to deliver.

Defendant maintains that his defense counsel was ineffective because he failed to file a motion to suppress the cocaine. Defendant contends that he was subjected to an unreasonable search and seizure and that the drugs were a product of improper police conduct. Defendant argues that the initial pat-down search was not based on specific and articulable facts as required by. *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, but was instead based on his mere association with a person suspected of criminal activity. (See *Ybarra v. Illinois* (1979), 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338.) Defendant further argues that even if the pat-down search was proper, his continued detention after Officer Yrquidi failed to find a weapon was improper because an investigative detention under *Terry* must be temporary and last no longer than is necessary to effectuate

the purpose of the stop. See *Florida v. Royer* (1983), 460 U.S. 491, 75 L. Ed. 2d 229, 103 S. Ct. 1319.

To prevail on a claim of ineffective assistance of counsel, defendant must establish both that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Errors in trial strategy, judgment or tactics alone will not render counsel's performance deficient. (*People v. Siverly* (1990), 194 Ill. App. 3d 981, 551 N.E.2d 1040.) It has often been held that the decision whether or not to file a motion to suppress is generally a matter of trial tactics and is not subject to review. (See *People v. Morris* (1992), 229 Ill. App. 3d 144, 593 N.E.2d 932; *People v. Fernandez* (1987), 162 Ill. App. 3d 981, 516 N.E.2d 366; *People v. Atkins* (1987), 161 Ill. App. 3d 600, 515 N.E.2d 272.) It has also been held, however, that failing to file a motion to suppress can constitute ineffective assistance of counsel under certain circumstances (see *Fernandez*, 162 Ill. App. 3d 981, 516 N.E.2d 366 (and cases cited therein)), such as where it appears from the record that such a motion constituted the defendant's only viable defense (see, *e.g., People v. Stewart* (1991), 217 Ill. App. 3d 373, 577 N.E.2d 175). To prevail on a motion that trial counsel was ineffective for failing to file a motion to suppress, the defendant must show that the motion would have been granted and that the outcome of the trial would have been different if the evidence had been suppressed. *Morris*, 229 Ill. App. 3d 144, 593 N.E.2d 932.

■■ In this case we find that defendant has failed to show that a motion to suppress would have been granted. A police officer may detain a suspect and conduct a limited search for weapons when he has reason to believe that the individual is armed. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (*Terry*, 392 U.S. at 27, 20 L. Ed. 2d at 909, 88 S. Ct. at 1883.) Here, in response to a report of a possible burglary, Officer Reilly encountered two men, one of whom he recognized as potentially dangerous from previous encounters. When the gun was discovered and the decision was made to arrest Hite, we believe that any reasonably prudent police officer would have briefly detained the defendant and determined whether he was armed. While a police officer may not search a person merely because he is with someone who has been arrested, the officer may con-

duct a pat-down of the arrested person's companions to protect himself or others. (*People v. Garner* (1977), 50 Ill. App. 3d 294, 365 N.E.2d 595; see also *People v. Santoro* (1989), 192 Ill. App. 3d 895, 549 N.E.2d 708; *People v. Williams* (1975), 28 Ill. App. 3d 189, 328 N.E.2d 89.) As the court stated in *United States v. Berryhill* (9th Cir. 1971), 445 F.2d 1189, 1193:

> "It is inconceivable that a peace officer effecting a lawful arrest of an occupant of a vehicle must expose himself to a shot in the back from defendant's associate because he cannot, on the spot, make the nice distinction between whether the other is a companion in crime or social acquaintance. All companions of the arrestee within the immediate vicinity, capable of accomplishing a harmful assault on the officer, are constitutionally subjected to the cursory 'pat-down' reasonably necessary to give assurance that they are unarmed."

We also find that the length of time the defendant was detained was not unreasonable. Officer Yrquidi testified that only 15 to 30 seconds elapsed from the time the gun was discovered until the time when the cocaine was found and the defendant was arrested. While the defendant testified that he was standing with his hands on the truck for five to seven minutes, we note that even longer periods of detention have been held to be permissible under *Terry.* (See *United States v. Sharpe* (1985), 470 U.S. 675, 84 L. Ed. 2d 605, 105 S. Ct. 1568 (20 minutes); *People v. Starks* (1989), 190 Ill. App. 3d 503, 546 N.E.2d 71 (10 minutes).) Since defendant has failed to show that a motion to suppress would have been granted, his claim that defense counsel was ineffective must fail.

The defendant next contends that he was denied a fair trial by the following comments made by the prosecutor during closing argument:

> "This is a big set up, all the police are lying. I submit to you they were not lying. They told you the truth. This incident happened relatively quickly. These were officers with two to three years' experience on the force. You have to weigh the credibility of each witness that testified.
>
> * * *
>
> There was no conspiracy here. There was no make-believe story on the part of the police. They recovered the items. They told you what happened, they testified truthfully. They had no reason to come in here and lie."

Defendant argues that the prosecutor interjected his personal belief in the veracity of the witnesses and also improperly argued that

the police officers were more credible than the defense witnesses simply because of their status as police officers. We disagree.

■ Prosecutors have a great deal of latitude during closing arguments, and for a remark to constitute reversible error, it must have resulted in substantial prejudice to the accused, such that the verdict would have been different had it not been made. (*People v. Morgan* (1986), 112 Ill. 2d 111, 492 N.E.2d 1303.) Statements that are based upon facts in evidence, or upon reasonable inferences drawn from the evidence, are within the scope of proper argument. (*People v. Fields* (1990), 135 Ill. 2d 18, 552 N.E.2d 791.) While it is generally improper to vouch for the credibility of a witness or to express a personal opinion on a case (*People v. Emerson* (1987), 122 Ill. 2d 411, 522 N.E.2d 1109), it is not improper to comment on the credibility of the witnesses when such comments are based on the evidence (*People v. Richardson* (1988), 123 Ill. 2d 322, 528 N.E.2d 612; *People v. Killen* (1991), 217 Ill. App. 3d 473, 577 N.E.2d 560). We find that the statements by the prosecutor were permissible comments on the evidence or reasonable inferences drawn therefrom. We also find nothing improper about the prosecutor's reference to the officers' experience or their lack of reason to lie. See *Killen*, 217 Ill. App. 3d 473, 577 N.E.2d 560 (repeated references to witness' status as sworn police officer with no motive to lie not improper).

Finally, since we have found that the comments complained of by defendant were not improper, we reject defendant's argument that his defense counsel was ineffective for failing to object to those comments. For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.