NO. 4-04-0550     Filed: 2/1/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
       Plaintiff-Appellee, ) Circuit Court of
       v. ) Adams County
THAD L. JOHNSON, ) No. 03CF430
       Defendant-Appellant. )
) Honorable
) Scott H. Walden,
) Judge Presiding.

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In September 2003, the State charged defendant, Thad L. Johnson, and a codefendant by information with unlawful possession of a controlled substance. 720 ILCS 570/402(c) (West 2002). The information alleged they both unlawfully possessed less than five grams of a substance containing methamphetamine.

On November 20, 2003, defendant filed a motion to suppress evidence and quash his arrest, alleging the stop, detention, and search of defendant were illegal. The trial court set a hearing on defendant's motion for December 19, 2003, but continued it until January 9, 2004 (the date of trial), upon the State's request due to the unavailability of witnesses. A joint proceeding on defendant's motion to suppress, codefendant's motion to suppress, and both defendant's and codefendant's bench trials was held. Both defendant and codefendant testified but only in regard to their motions to suppress, not on the issue of guilt. The court denied the motions to suppress and found both defendants guilty. On April 14, 2004, the trial court sentenced

defendant to 24 months' probation.  On appeal, defendant argues the trial court did not have the authority to hold a joint suppression hearing and bench trial and thus "the order denying the motion is void and a nullity."  Defendant further contends that since the conviction was based on evidence that was the subject of the motion to suppress, the conviction is also a nullity.  We affirm.

The following exchange occurred at the beginning of the January 9, 2004, proceeding:

"THE COURT: The cause was originally scheduled for hearing on [m]otion to [s]uppress which both defendant's [sic] have now filed.

It is my understanding the parties are wishing to expand the scope of today's hearing.  Is that correct?

MR. FARHA [(prosecutor)]: Your Honor, it is my understanding--and the People are willing to do so.  I think, first of all, both defendants would be willing to enter into waivers of right to jury trial; we would proceed with a trial simultaneously with both defendants.  There is [sic] not any mutually exclusive defenses that would have reason to cause a severance.  It is also my understanding we would proceed also at the same time on

the [m]otion to [s]uppress.  The People would present testimony.  Even though we do not have the burden, we would go forward, and we have our witnesses here.  There was a statement made by Ms. Anderson as to ownership of a purse where some of the evidence was found.  I don't believe the motion entails suppressing the statement per se other than questioning the stop and legality of the contact with the police.

THE COURT: I assume though, if the [m]otion to [s]uppress were granted with respect--

MR. FARHA: Yes, Your Honor.

THE COURT:  --the stuff, that would also apply to the statements.

MR. FARHA: Yes, Your Honor.  But I don't think it was specifically addressed toward the statement.

THE COURT: Correct, Mr. Downey?

MR. DOWNEY [(defense counsel)]: Judge, it is correct.  And we're going to tender to the [c]ourt a waiver of jury by my client, Thad Johnson.  Since this is going to be a joint [t]rial/[m]otion to [s]uppress, the State is going to introduce evidence; we are

not going to object every time.  They have to present evidence in order to present their case.

THE COURT: So, we'll note a continuing objection.

MR: DOWNEY: Note a continuing objection so as not to interrupt the proceeding."

The State presented its witnesses.  Then defendant and codefendant both testified but only for purposes of the suppression hearing.  The trial court heard arguments on defendant's and codefendant's respective motions to suppress and denied the motions.

On January 15, 2004, following arguments on the issue of guilt or innocence, the trial court found codefendant guilty and took the matter of defendant's guilt under advisement.

In a written order, file-stamped January 20, 2004, the trial court found defendant guilty.  The court stated it did not consider defendant's or codefendant's testimony at the hearing on their motions to suppress as evidence in defendant's bench trial and that this was possible because it was a bench trial, not a jury trial.  The court sentenced defendant as stated and this appeal followed.

Defendant argues the standard of review is de novo. The State does not dispute this.

Section 114-12 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-12 (West 2002)) governs motions to

suppress illegally seized evidence.  We note section 114-12 is silent on the issue of when a hearing on a pretrial motion to suppress must be held, but it does state the following, in pertinent part:

"The motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.  If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the evidence, the court shall terminate the trial with respect to every defendant who was a party to the hearing and who was within the scope of the order of suppression, without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression."  725 ILCS 5/114-12(c) (West 2002).

Although no statute sets forth when a hearing on a motion to suppress filed before trial must take place, defendant claims People v. Flatt, 82 Ill. 2d 250, 412 N.E.2d 509 (1980), and People v. Pugh, 133 Ill. App. 2d 168, 272 N.E.2d 742 (1971), support his argument that the trial court did not have authority to hold the suppression hearing at the same time as trial.

In Pugh, defendant made a motion to suppress a weapon that had been removed from the cab in which he had been riding. Pugh, 133 Ill. App. 2d at 168, 272 N.E.2d at 743. Defendant indicated he would plead not guilty and waive his right to a jury trial. Pugh, 133 Ill. App. 2d at 168, 272 N.E.2d at 743. The trial court then stated the hearing on the motion would be conducted simultaneously with the trial. Pugh, 133 Ill. App. 2d at 168, 272 N.E.2d at 743. Defense counsel objected and requested a ruling on the motion to suppress. Pugh, 133 Ill. App. 2d at 168, 272 N.E.2d at 743. Defense counsel also stated he was prepared to proceed with the trial subject to his objection. Pugh, 133 Ill. App. 2d at 169, 272 N.E.2d at 743.

In Pugh, the court found that proceeding to trial over defendant's objection was contrary to statute and was thus error. Pugh, 133 Ill. App. 2d at 170, 272 N.E.2d at 744.

The version of section 114-12(d) of the Code applicable in Pugh contained language not in the Code in effect at all relevant times in the instant case. The version of the Code applicable in Pugh stated, in part, that "the motion [to suppress] may be renewed if the trial takes place before a judge other than the one who heard the motion." Ill. Rev. Stat. 1967, ch. 38, par. 114-12(d). Section 114-12(d) of the Code, in effect in the instant case, does not have the language the previous version had that allowed the motion to suppress to be renewed if the trial was to take place before a different judge than the one who ruled on the motion to suppress. See 725 ILCS 5/114-12(d)

(West 2002).

Pugh was distinguished in People v. Evans, 22 Ill. App. 3d 733, 735, 317 N.E.2d 734, 735 (1974). There, defendant argued he was denied due process of law because defense counsel was forced into waiving a formal hearing on his motion to suppress. Evans, 22 Ill. App. 3d at 735, 317 N.E.2d at 735. Counsel had expressly agreed to conduct the hearing on his motion to suppress simultaneously with the trial. Evans, 22 Ill. App. 3d at 735, 317 N.E.2d at 735. The court rejected defendant's argument and stated it is well settled that a defendant can waive certain rights through the actions of his attorney. Evans, 22 Ill. App. 3d at 735, 317 N.E.2d at 735. The instant case is similar to Evans in that defense counsel did not object to holding the suppression hearing and the trial simultaneously but instead agreed to it. Defendant argues that the Evans court did not consider the statutory authority of the trial court to conduct a hearing on a pretrial motion to suppress during trial. However, as stated, section 114-12 of the Code is silent on the trial court's authority to conduct a hearing on a motion to suppress during trial.

Defendant also contends that the principle in Flatt applicable to the instant case is "that the trial court's authority to conduct a hearing on a motion to suppress after trial has commenced is limited by section []114-12(c)" of the Code. Defendant's statement is correct. However, contrary to defendant's assertion, Flatt is not applicable to the case before us.

Unlike the instant case, the trial court in <u>Flatt</u> entertained a motion to suppress made by defendant after the jury had been sworn. <u>Flatt</u>, 82 Ill. 2d at 265, 412 N.E.2d at 517. The trial court is limited by section 114-12(c) of the Code in that section 114-12(c) only allows the court to entertain such a motion if it alleges the evidence was illegally seized. <u>Flatt</u>, 82 Ill. 2d at 265-66, 412 N.E.2d at 517; 725 ILCS 5/114-12(c) (West 2002). The motion in <u>Flatt</u> did not allege the evidence was illegally seized and thus the trial court erred in entertaining the motion. <u>Flatt</u>, 82 Ill. 2d at 266, 412 N.E.2d at 517. Unlike in <u>Flatt</u>, the motion to suppress in the instant case was filed before trial began and it alleged the evidence was illegally seized. Thus, the facts involved and the reasoning behind the holding in <u>Flatt</u> make that case inapplicable in this case.

Defense counsel's objection at the beginning of the joint suppression hearing/bench trial was a continuing objection to the evidence presented. Defense counsel recognized the State would have to present evidence, some of which was subject to the motion to suppress, and thus made a continuing objection so counsel would not interrupt the proceeding. His objection was not to holding the hearing and bench trial at the same time.

The facts of this case do not warrant remanding for another hearing on defendant's motion to suppress as defendant requests. Section 114-12 of the Code is silent on the issue of when a hearing on a motion to suppress filed prior to trial must be held. Defendant acquiesced to holding the suppression hearing

˘ 8 ˘

and the bench trial on the same day.  Further, the record shows the court did not consider the testimony of defendant or codefendant during the suppression portion of the proceeding when deciding defendant's guilt or innocence.  We endorse and adopt the decision in People v. Evans, 22 Ill. App. 3d 733, 317 N.E.2d 734 (1974).

We note the State argues the trial court has the inherent power to control its docket and thus the court can conduct the suppression hearing simultaneously with the trial.  In making this argument, the State implies the court always has the power to order the suppression hearing and trial be held jointly.  Our ruling is limited to the facts of this case, i.e., where defendant did not object to holding a joint suppression hearing and bench trial.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

APPLETON and COOK, JJ., concur.